[No. 2628. Decided December 21, 1897.]

GEORGE H. SMITH, *Respondent*, v. UNION TRUNK LINE, *Appellant*.

STREET RAILROADS — ACCIDENT TO PASSENGER AT STREET CROSSING — NEGLIGENCE AND CONTRIBUTORY NEGLIGENCE — INSTRUCTION ON COMPARATIVE NEGLIGENCE — WHEN HARMLESS.

Whether the act of a passenger in alighting from a cable car at a street crossing and attempting to cross in front of another car approaching from the opposite direction on a close and parallel track without stopping to look or listen is negligence, is a question for the jury and not one of law for the court, when it appears that the car approaching from the opposite direction was bearing down on the street crossing and the other car at a high rate of speed without ringing a bell or giving any other warning, and with the gripman's attention otherwise directed than to a strict performance of his duties, since ordinary care does not require a pedestrian at a street crossing to anticipate such negligence on the part of those operating an approaching car.

An instruction in an action to recover damages on account of defendant's negligence, which lays down the doctrine of comparative negligence is not prejudicial, in view of special findings by the jury that the plaintiff was not guilty of any negligence.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Affirmed.

*John E. Humphries, William E. Humphrey,* and *E. P. Edsen,* for appellant.

*Lindsay, King & Turner,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an action against the appellant, a street railway company, for personal injuries inflicted upon the respondent.

The complaint alleges that the appellant negligently and carelessly struck, knocked down and dragged respondent a distance of twenty-five feet, negligently caused the car in

which the respondent was riding to be overcrowded, thereby preventing the respondent from seeing the car coming west (the car which struck respondent); that the car which struck respondent was not furnished with any fenders or safeguards; that the injuries were inflicted on one of the street corners, in one of the crowded streets in Seattle; that no warning or signal was given by the gripman on the approaching car, and that the speed of the respective cars was not slackened as they approached; that the gripman of the car coming west had ample time to prevent said injuries which he failed to do.

In this case the appellant was the owner and operator of a couple of street railroads with parallel lines on James street, the south track was used for cars going east and the north track for cars going west; the tracks were about seven feet apart and when the cars were opposite each other there was a space of about two and a half feet between them.

It is conceded that the street was open and free from obstruction. The plaintiff boarded the car at Second street, and at Fourth street he stepped off of the car, at the crossing, and undertook to walk across the track on the north, and was run down and injured by the west bound car and sustained the injuries complained of.

At the conclusion of the respondent's testimony, appellant moved for a non-suit, which motion was denied. Appellant then introduced its testimony in defense, the case was submitted to the jury, who found a verdict for the respondent. If this case could be reversed at all it would be upon the theory that the appellant was entitled to its motion for a non-suit, for the reason that the testimony of the respondent himself showed contributory negligence. The testimony contradicting the statements made by respondent and his witness was a matter for the consideration of the

jury. The respondent testified that the car was crowded, when he got on at Second street; that more passengers got on the car at Third street; and that he was crowded over to the north side and the back end thereof; that he signaled to the conductor to let him off, and, his signal not being answered, he stepped off of the north side and started to walk across the street, that is, he stepped upon the track, saw the east bound train within a few feet of him, and undertook to throw himself off of the track, but was not given time enough to do so and his leg was caught, and he was dragged under the car.

The testimony of the respondent's witness is to the effect that the gripman, on the east bound train, was not tending to his business; but was engaged, at the time, in conversation with a lady passenger. Some of the witnesses testified that they saw the danger the respondent was in and hallooed to the gripman to stop the car. Witness Wood testified to this effect, and that in notifying the gripman he used very strong language because he felt hot seeing that the gripman had plenty of time to stop the car in the way it was running down; another witness testified that the gripman, after he became aware of the danger, did not act with promptitude, but very deliberately took hold of the lever for the purpose of stopping the car; and the witnesses to the accident, who were introduced by the respondent, testified that no bell was rung nor signal of any kind given by either car as they passed each other.

It is also in evidence that the cars did not have cowcatcher attachments, or the latest improvements, which the ordinance in relation to street cars in Seattle provides for. The cars were running at about the rate of eight miles an hour. The testimony is, that the car, at the place the accident occurred, at the rate of speed which the east bound

car was running, could be stopped, by a competent man, in from five to twelve feet.

It is insisted by the appellant that the respondent could have seen, and ought to have seen, the east bound train coming towards him when he alighted for the reason that it was an open street; but the testimony of the respondent is that he was unable to see the train, by reason of the car which he was on being crowded, that many passengers were standing up, standing on the outside of the car, and hanging on to the straps; that they were thus in front of him, and that it was impossible for him to see anything in that direction. It is earnestly contended by the appellant that the respondent was guilty of contributory negligence in not looking and listening to see whether a car was coming from the east, before he ventured on to the track; the testimony of the respondent is that he did look and listen, but his testimony is somewhat confused in this respect.

It may be said that, without any doubt, the testimony of the respondent at least, shows negligence and gross negligence on the part of the defendant. If a passenger, having no duty towards other passengers, can see the danger of the footman and warn the gripman of that danger before he sees it, by reason of his being engaged in conversation with a lady passenger, or for any other reason, certainly there was negligence on the part of the gripman, whose special duty it is to keep a lookout, in not seeing the danger in time to avoid the accident.

Then the case resolves itself into the single proposition, viz: whether or not, the respondent was guilty of contributory negligence. We do not think that we can say from the testimony in this case, that, as a matter of law, he was. But there were circumstances connected with his alighting from the east bound train and attempting to cross the track of the west bound train which should be submitted

to a jury for their determination, on the question of con-tributory negligence.

This accident occurred at a street crossing, a popular street, in a populous city, where people were passing backwards and forwards across the street in large numbers, almost all hours of the day and where they had a right to so pass. Under such circumstances and at such a place it was gross and culpable negligence on the part of the appellant to run its cars past each other, without giving some signal or warning, or to approach this crossing, whether passing each other or not, without giving a signal or warning, and we think that negligence cannot be imputed to the pedestrian for not anticipating culpable and gross negligence on the part of the street car company.

Street cars have not, by any means, an exclusive right to the streets. The occupancy of the streets by street cars, other vehicles, and pedestrians, is a joint occupancy, and the rules of care which are required of pedestrians in crossing street car tracks are laws which are made to govern not the brightest, or the most alert, minds, but the ordinary mind; and the ordinary mind is often apt to be distracted with other thoughts, than that of danger in crossing car tracks on the streets, as was very pertinently remarked by the respondent in his testimony in this case: " One's mind cannot always be kept on the street cars." Of course, the pedestrian must exercise ordinary care to avoid consequences which might ensue from collision and the care must be in proportion to the danger to be avoided. But the law must look at human minds just as they exist, with all their frailties, their inclination to abstract thought and absent-mindedness. Human life is of more importance, yet, than rapid transit, and if street cars cannot reasonably protect life and limb while running at the rate of speed which they do run, they have a remedy left; and

that is to lessen their rate of speed and increase their watchfulness for the safety of those who must necessarily be the sufferers when a collision occurs. Bells, whistles and signals of different kinds, are used for the purpose of challenging the attention of people who are using the street, that they may protect themselves from these unfortunate collisions and accidents; and the citizen has a right to rely upon these signals which are in common use; and negligence should not be imputed to him by reason of such reliance. As was pertinently remarked by the court in *Cincinnati Street Ry. Co. v. Snell*, 54 Ohio St. 197 (43 N. E. 207), which was a case much in principle like the one under discussion:

" Ancient rights have not changed because new vehicles of travel have been introduced upon the streets, nor because a portion of the people who ride, being in haste to reach their destination, demand rapid transit. The streets remain for all the people, and he who goes afoot has the right, especially at a crossing, to walk to his destination. He should not be compelled to run, or to dodge and scramble, to avoid collision with vehicles."

In that case, it was also held that it was the duty of the drivers of vehicles, whether wagons, wheels or cars, to so regulate their speed and give some warning of approach, at whatever cost of pains and trouble on their part, as that the footman using ordinary care himself, and barring inevitable accident, may cross in safety. Applying this rule, coupled with the other rule mentioned, that ordinary care does not require the pedestrian to anticipate negligence on the part of the approaching car, we think in this case, it cannot be said, accepting the truthfulness of the respondent's testimony, that the respondent was guilty of contributory negligence. The conflict in the testimony, as we before said, is a matter exclusively for the discretion of the jury.

It is contended by the appellant, that the court erred in its instructions to the jury, and also in not giving the instructions asked for by the appellant. The principal objection is raised to instruction number three, which is as follows:

"If you do not believe from a preponderance of the evidence that plaintiff acted as persons of ordinary prudence generally act in circumstances entirely similar to all those which surround plaintiff, at and immediately preceding said accident, or if you believe from the evidence, that said injury was not occasioned directly by any negligent act of defendant's servants, or any of them, then your verdict must be for defendant; *Provided*, however, that should you find that plaintiff was guilty of only slight negligence in the premises and that said accident occurred by reason of gross negligence of defendant's servant or servants, you will then find for plaintiff, notwithstanding such slight negligence on his part."

The proviso is the portion of the instruction which it is insisted is wrong, and it is asserted by the appellant that the inspection was given in supposed obedience to a rule laid down by this court in the case of *Roth v. Union Depot Co.*, 13 Wash. 525 (43 Pac. 641); that the law was misunderstood by the lower court and that such is not the law in any state. The latter proposition is not necessary for us to determine, for a reference to the case of *Roth v. Union Depot Co., supra*, shows that it was not the intention of this court to lay down in that case the doctrine of comparative negligence, but the review of that doctrine was simply incidental in that case. This instruction, however, considering the special findings in the case was harmless, for the jury found as a question of fact that the respondent was not guilty of any negligence, slight or otherwise, but that he acted properly to the extent that persons of ordinary minds generally do under circumstances in all respects similar to those which surrounded him.

They also found as a special verdict that the appellants were negligent in the running of the cars, and that the gripman, had he exercised such care and prudence as is generally used under such circumstances by careful servants of street car companies, could have seen respondent in time to have prevented the injury; that it was the gross carelessness of the defendant that led to this injury; and that no warning was given him by defendant, or its employés, of the approach of the car which struck the plaintiff. Objections were made to other instructions which were given, but we think, with the exception of those we have mentioned, the instructions were correct; and that the instructions offered by the defendants, which had not already been given by the court in different forms, should not have been given.

We find no merit in any of the objections of the plaintiff, the only question, as we have before stated, being the bald question as to whether or not the respondent was guilty of contributory negligence; and, finding that that question was properly submitted to the jury and they having determined it in respondent's interest, the judgment will be affirmed.

SCOTT, C. J., and REAVIS, J., concur.

ANDERS, J., dissents.