[No. 4018.   Decided January 8, 1902.]

W. A. CHISHOLM, *Appellant,* v. SEATTLE ELECTRIC COMPANY, *Respondent.*

STREET RAILROADS—INJURY TO PEDESTRIAN—CONTRIBUTORY NEGLIGENCE — QUESTION FOR JURY.

The action of the court in taking a personal injury case from the jury on the ground of plaintiff's contributory negligence was

error, where the evidence showed that plaintiff in crossing a much-traveled street was run over by an electric car of defendant, which was running at the rate of from sixteen to twenty miles per hour, according to various witnesses, while the law prohibited a greater speed than twelve miles; that the motorman did not notice plaintiff until within thirty feet of him and that the car could not be stopped even when running at a lawful rate of speed in less than from fifty to seventy-five feet; that no bell was sounded or other alarm given; and that plaintiff on leaving the sidewalk to cross the street looked up and down and saw no car approaching from the direction in which he was afterwards run down.

Appeal from Superior Court, King County.—Hon. GEORGE MEADE EMORY, Judge. Reversed.

*Root, Palmer & Brown* and *G. Ward Kemp,* for appellant.

*Struve, Allen, Hughes & McMicken,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—Action for damages for injuries alleged to have been received by appellant through being run over by a street car owned and operated by respondent.. At the close of plaintiff's testimony the defendant challenged the sufficiency of the same and moved for judgment in its favor. The motion was sustained by the court, and this appeal involves the right of the court to sustain the motion, together with the alleged error of the court in striking out certain testimony.

The testimony, in brief, shows that defendant has two car tracks on Second avenue in the city of Seattle, where the accident occurred; the cars running north on the east track and south on the west track. The tracks are about six feet apart, running parallel with each other. The avenue is paved with brick where the accident occurred, and for several blocks each way; the street crossing being

no different from the other portions of the avenue, and it being the custom of the people to cross anywhere and everywhere in that vicinity. The testimony also shows that Second avenue is one of the principal business streets in the city, and, at the point where the accident occurred, is ordinarily crowded with pedestrians and vehicles. The testimony of appellant is to the effect that when he left the sidewalk to cross the street he looked for cars, and saw two going south,—one nearly opposite him, and one about a block away,—but did not see any moving north. He then proceeded across the street at an ordinary gait, when he was struck by a car going north, and run over by said car, which crushed his leg, necessitating amputation. We cannot understand upon what theory the court took the case from the jury, unless upon the theory that it is negligence as a matter of law for a pedestrian to fail to look and listen when he crosses a street car track. But this court has uniformly held that the rule which in that respect applies to steam railroads does not apply to street cars. The rule was again affirmed in a case recently decided by this court, viz., *Burian v. Seattle Electric Co.,* 26 Wash. 606 (67 Pac. 214) ; and on the law announced in that case the judgment in this case would have to be reversed and the question of negligence under the circumstances submitted to the jury. We have often announced the rule that, where circumstances are shown from which different conclusions could be reached by reasonable men, the question of negligence is always one for the jury and that the judge usurps the functions of the jury and commits error when he substitutes his judgment for the judgment of the jury. This subject was again reviewed at length by this court in *Mischke v. Seattle,* 26 Wash. 616 (67 Pac. 357). Respondent relies upon the case of *Helber v. Spokane Street*

*Ry. Co.,* 22 Wash. 319 (61 Pac. 40); but it seems to us the cases are so entirely distinct in their circumstances that they may be said to bear no relation to each other. It must be remembered that in this case the plaintiff's testimony shows negligence on the part of the defendant. It shows the ordinary rate of speed was ten miles an hour, that the company was prohibited from running cars at a greater· rate of speed than twelve miles an hour, and that the car which injured plaintiff was running at a much higher rate of speed; some of the witnesses testifying that it was going from sixteen to eighteen miles, and some of them that it was running at the rate of from eighteen to twenty miles an hour, and that no bells were sounded or other warning given. If the car had been running at a proper rate of speed, the accident probably would not have occurred. At least, it *might* not have occurred, and it is a well-established rule of law that a pedestrian is not charged with the negligence of street car operators, but that he is justified in basing his calculations and ordering his movements on the assumption that the car will be operated, not only in conformity with local laws regulating it, but with the highest degree of care and a due regard for the safety of the traveling public, who are equally with it entitled to the use of the streets. According to the testimony this car came dashing down a populous street at an unusual, illegal, and dangerous rate of speed, and this, coupled with the great distance the car ran after striking the plaintiff, and the testimony of an expert as to the distance in which the car could be stopped, might reasonably present to the jury the question of willful negligence on the part of the defendant. The evidence of the defendant, in answer to interrogatories propounded to it, shows that the motorman did not see plaintiff until he was within thirty feet of him; but he

ought to have seen him before that. It must of necessity be the duty of some one on a car to look out on the track ahead of the car for a reasonable distance. The motorman says that the car could not be stopped, even when traveling at the rate of twelve miles an hour, in less than from fifty to seventy-five feet, and yet he did not see the man, who was practically on the track, until within thirty feet of him. Such conduct as this can only be indulged in on the theory that the street car owes no duty whatever to the pedestrian, and is not obliged to notice the pedestrian until it is too late to avoid running him down. So long as life and limb are esteemed of more value than rapid transit, such rights cannot be conferred on such irresistible and dangerous engines of locomotion. In any event, the testimony plainly shows that the question of whether or not the plaintiff was guilty of such negligence as would preclude him from recovery should have been submitted to the jury. *Burian v. Seattle Electric Co., supra; Mischke v. Seattle, supra; Smith v. Union Trunk Line,* 18 Wash. 352 (51 Pac. 400, 45 L. R. A. 169); *Steele v. Northern Pacific Ry. Co.,* 21 Wash. 287 (57 Pac. 820); *McQuillan v. Seattle,* 10 Wash. 464 (38 Pac. 1119, 45 Am. St. Rep. 799); *Traver v. Spokane Street Ry. Co.,* 25 Wash. 225 (65 Pac. 284).

We will not discuss the other errors alleged in relation to the striking of testimony; as they will probably not occur at the new trial; but, for the error of the court in sustaining the challenge to the evidence, the judgment is reversed.

REAVIS, C. J., and WHITE, MOUNT, ANDERS and HADLEY, JJ., concur.