A. J. PERJUE, Appellee, v. THE CITIZENS' ELECTRIC LIGHT AND GAS COMPANY, Appellant.

**Street railways:** CROSSING ACCIDENT: NEGLIGENCE: EVIDENCE. The same degree of care is not required of a pedestrian crossing a street railway as when crossing a steam railway track, and unless such a flagrant want of care is established by the evidence that fair minded men could not disagree, the finding of a jury negativing contributory negligence will not be disturbed. Evidence held insufficient to show plaintiff negligent as a matter of law.

*Appeal from Appanoose District Court.*— HON. F. W. EICHELBERGER, Judge.

TUESDAY, OCTOBER 23, 1906.

ACTION at law to recover damages for personal injury. Verdict and judgment for plaintiff, and defendant appeals. — *Affirmed.*

*Frank S. Payne,* for appellant.

*Fee & Fee,* for appellee.

WEAVER, J.— The defendant corporation owns and operates a street railway in the city of Centerville, Iowa. It has a track connection with the Chicago, Burlington & Quincy Railway from which road it at times receives freight cars to be moved to some convenient point or place on its own lines for loading or unloading. On the 3d day of September, 1903, one of appellee's cars ran in on the connecting track and, after coupling to a freight car, hauled it out upon the main line of the street railway to the north in the direction of the city. Having cleared and closed the switch, the car was then backed in the other direction and, at a point

some three hundred feet south of the switch, struck and injured the plaintiff who was attempting to cross the street, To recover for the injury thus occasioned this action was instituted alleging that defendant was negligent in that the cars were being moved down grade at a high and dangerous rate of speed without any lookout or guard upon the freight car and without giving any alarm or warning to persons rightfully using the street and that but for such negligence the collision would not have occurred.    The defendant denies all allegations of negligence on its part, and avers that plain-- tiff, by his own negligence, contributed to the accident of which he complains.

Without going into the particulars we have to say that the evidence is sufficient to warrant the finding of the jury that the defendant was negligent as charged.    Counsel for defendant recognizing this fact directs his entire argument to the proposition that plaintiff was, as a matter of law, guilty of contributory negligence, and therefore the verdict should be set aside.    The testimony of the plaintiff and his witnesses tends to show his conduct in the matter to have been about as follows:    He was, at the date named, a man of eighty-nine years of age, residing near the scene of the accident, and more or less familiar with the manner in which the street railway was operated.    Before reaching the place where the collision occurred, he saw the electric car and freight car moving out of the switch to the north, and, assuming that they were going on into the city, continued his walk to the south for some distance when he turned and attempted to cross to the opposite side of the street reaching the track just in time to be struck by the oncoming freight car.    Near this point the Burlington Railway also crosses the street, and plaintiff says that he attributed the rattle and noise of approaching cars to the movement of trains on the tracks of the latter and that, when he discovered his danger, he was not able to move quickly enough to avoid the collision.    Under these circumstances we are not disposed to

interfere with the finding of the jury. The senses of the old man may not have been as alert as those of a younger person, and we may, perhaps, presume that he did not move as quickly or as surely as would one who carries a lesser burden of years, but his right to walk the streets and demand the exercise of care by others to avoid doing him an injury is undoubted. He did look and saw the car moving to the north, and, as the street railway was operated on a single track, he knew or thought he knew that no immediate danger was to be apprehended from that direction. While some persons would doubtless have been thoughtful enough to apprehend the possibility that the cars he saw moving northward might, for some reason, change their direction and move south we cannot say that in failing to anticipate such a danger he did not exercise the care of a reasonably prudent man of his age and capacity.

He was not a trespasser and it is too well settled to require citation of authority that the ordinary rule of law with respect to the care required of one about to cross the track of a railway operating heavy trains by steam power at a high rate of speed does not apply with equal rigidity to the crossing of a street railway track. While, in either case, the requirement is reasonable care, yet the circumstances are so different that the precautions which reasonable care would demand in the former instance would often be oppressive and unreasonable in the latter. The traveler upon the street is entitled to walk or drive therein and, while he must make use of his senses to avoid injury, he has a right to expect that persons in charge of street cars will also exercise their faculties to avoid running him down. It is too much to ask that the attention of the foot traveler shall be wholly centered on the street cars. He must also be on the lookout for other moving vehicles. He must avoid collision with other foot travelers. If he be near other tracks of other railways he must guard against danger from that source. He must note his immediate path to avoid defects therein,

and these and the multitude of happenings with which the streets of a city abound all of which call for a glance render it impracticable if not impossible in many instances to avoid accidents where cars are operated at a reckless rate of speed and especially where their approach is not heralded by adequate and timely danger signals.   It follows that unless the alleged want of care is so flagrant and so clearly established that there is no room for difference of opinion thereon among fair-minded men, the jury must be left to determine the right of the matter.    *Palmer T. Co. v. Railway* (Ky.) (89 S. W. 515); *Stanley v. St. Railway,* 119 Iowa, 526 27 Enc. Law (2d Ed.) 66; *Cincinnati R. R. Co. v. Snell,* 54 Ohio St. 197 (43 N. E. 207, 32 L. R. A. 276.) Such a clear case of contributory negligence has not been shown in the case before us, and there was no error in refusing to direct a verdict for defendants.    *Roberts v. Railroad,* 23 Wash. 325 (63 Pac. 506, 54 L. R. A. 184); *Chicago R. R. Co. v. Robinson,* 127 Ill. 9, (18 N. E. 777, 4 L. R. A. 126, 11 Am. St. Rep. 87); *Garrity v. Railroad,* 112 Mich. 369 (70 N. W. 1018, 37 L. R. A. 529); *Smith v. Union,* 18 Wash. 351 (51 Pac. 400, 45 L. R. A. 169); *Tesch v. Railroad,* 108 Wis. 593 (84 N. W. 823, 53 L. R. A. 618); *Newhard v. Railroad,* 153 Pa. 417 (26 Atl. 105, 19 L. R. A. 563); *Hart v. Railroad,* 109 Iowa, 631.

Error is urged upon the refusal of the court to give an instruction prepared by defendants to the effect that it was the duty of the plaintiff, in approaching the crossing, to look and listen for an approaching car unless the circumstances were such as would excuse a person, acting with ordinary care, from so doing.   Assuming it to be a proper statement of the rule, though it is not happily expressed, there was no error in its refusal because its substance was in fact embodied in the tenth paragraph of the charge of the court.   Without taking the time and space to embody the instruction in this opinion we have to say that it fully and fairly states the proper rules of law in this respect, and

defendant suffered no prejudice by the refusal to give it in the form asked by counsel.

We find nothing in the record calling for a reversal, and the judgment of the district court is *affirmed*.