[No. 24760.   Department One.   November 23, 1933.]

BLANCHE QUAYLE, *Respondent*, v. BESSIE KNOX, *Appellant*.[1]

[1]Reported in 27 P. (2d) 115.

*Pearson & Potts* and *Wm. D. Askren,* for appellant.
*Padden & Moriarty,* for respondent.

STEINERT, J.—This is an action to recover damages for personal injuries sustained in an automobile collision. Upon a trial before the court and jury, a verdict was rendered for plaintiff. From a judgment on the verdict, defendant has appealed.

The accident occurred on the Pacific highway between Seattle and Tacoma, on September 27, 1931, at about eight o'clock in the evening. The parties to this action were personal friends. Appellant had invited respondent to accompany her on an automobile trip from Seattle to Tacoma. On the return, appellant's car ran into another car traveling north, the direction in which appellant was driving. As a result of the collision, appellant's car skidded into a ditch along the left side of the road and came to a stop at a point variously estimated between fifty-five and one hundred and twenty feet from the place where the collision occurred; the other car was thrown forward about eighty feet and turned over on its side upon the road. The occupants of both cars were injured, the respondent quite seriously. Other details will appear as we proceed.

Under the initial group of assignments of error,

appellant makes the contention that respondent was guilty of contributory negligence, as a matter of law, barring a recovery by her. The evidence of respondent on this phase of the case was as follows: Back of a point about nine hundred feet from the scene of the accident, appellant was driving in the center of the road and at a speed of from thirty-five to forty miles per hour. Two boys, driving another car, were following appellant and were honking their horn in an endeavor to pass. Appellant refused to give way until respondent requested her to pull over to the right. As the boys passed the appellant, they continued honking their horn. This seemed to nettle appellant, and she at once speeded up to overtake them. Respondent cautioned her not to go so fast, suggesting that it was not necessary to do so, inasmuch as they were not in a hurry. Appellant replied that no one could pass her and "get away with it." Appellant thereupon increased her speed, and maintained it at a rate of approximately sixty-five miles per hour until the time of the collision. Respondent protested, saying that she did not want to go so fast; her protest, however, was without avail.

At about the same time, respondent observed another car entering the highway from the left and turning north in front of appellant's car about three hundred and eighty feet ahead. Respondent immediately told appellant to be careful, that there was a car crossing the road. Appellant, however, ignored the caution and kept on at the same rate of speed. Almost immediately thereafter, the collision occurred.

Appellant admits that there was a sufficient showing of gross negligence on her part to make that question one for the jury. She contends, however, that respondent should have insisted that appellant either

slow up or else stop the car and permit respondent to get out.

It seems to us that respondent did all that she was called upon to do under the circumstances. There is no set formula or magic password that a guest must utter in order to absolve himself of contributory negligence. One riding with another in an automobile must exercise ordinary care for his safety, and whether he does exercise such care depends upon whether he has acted as a reasonably prudent person would have done under like or similar circumstances. *Sanderson v. Hartford Eastern Railway Co.,* 159 Wash. 472, 294 Pac. 241; *White v. Stanley,* 169 Wash. 342, 13 P. (2d) 457. Under the evidence in this case, it was a question to be determined by the jury whether respondent had used ordinary care under the circumstances.

The next assignment of error is based upon the court's refusal to admit a certain photograph in evidence. Appellant had offered two photographs of the car that was struck by appellant's car. Neither photograph, however, was sufficiently identified as showing the condition of the car immediately after the accident, but merely as showing its condition some months later. The court admitted one of the photographs, on the ground that respondent's counsel had rendered it admissible by cross-examining thereon and by repeatedly referring to it. The court refused to admit the second photograph, on the ground that it had not been sufficiently identified, but offered to permit appellant to complete the identification. This, however, was not done.

Whether a photograph is sufficiently identified as a proper representation is a preliminary question to be determined by the trial judge, and the determination of that question lies largely within his discretion; his ruling thereon will not be disturbed except for abuse

of discretion. *Haven v. Snyder*, 93 Ind. App. 54, 176 N. E. 149; *Bruce v. Hanks*, 277 Mass. 268, 178 N. E. 728; *Trexler Lumber Co. v. Allemannia Fire Ins. Co.*, 289 Pa. 13, 136 Atl. 856; *Gose v. True*, 197 Ia. 1094, 198 N. W. 528. We find no abuse of discretion in the court's ruling upon this question.

The appellant next assigns as error the refusal of the court to admit in evidence a written statement made by one of respondent's witnesses shortly after the accident. The witness had testified upon direct examination that appellant's car had traveled one hundred and twenty feet after the impact. In his written statement, he had fixed the distance at fifty-five feet. Upon cross-examination, the witness at first denied that he had previously fixed the distance at fifty-five feet, but on being shown the written statement, he admitted that that was what he had said at the time of giving the statement.

It is undoubtedly the rule in this state that former statements made by a witness tending to contradict those made by him at the time of the trial are admissible as affecting the weight and value of his testimony. *French v. Seattle Traction Co.*, 26 Wash. 264, 66 Pac. 404; *Sound Timber Co. v. Danaher Lumber Co.*, 112 Wash. 314, 192 Pac. 941; *Sterling v. Radford*, 126 Wash. 372, 218 Pac. 205. But, if the witness admits that he made the contradictory statement, then no further evidence thereof is necessary or admissible. 28 R. C. L. p. 639, § 224; 40 Cyc. p. 2735; 6 Jones on Evidence (2d. Ed.), § 2405. The exhibit was properly excluded.

Appellant further assigns as error alleged misconduct of respondent's counsel in argument. During the trial, discussion arose between counsel as to the admissibility of certain evidence. The jury was excused, and the argument continued before the court.

In the argument before the court, respondent's counsel used this language: "Everybody knows this is an insurance case." Appellant contends that it is only fair to assume that this information, given in a crowded court room, would ultimately reach the ears of the jury.

While the statement concerned a matter that was wholly immaterial in the case and had no place in the argument, yet to say that it would reach the ears of the jury would be to indulge in presumption built upon presumption. We do not think that the occurrence would have warranted the court either in summarily declaring a mistrial or in subsequently awarding a new trial.

The appellant next complains of the excessiveness of the verdict. The evidence showed that, as appellant's car careened into the ditch, respondent's mouth and teeth struck against the dashboard, and that, thereafter, as the car struck the opposite bank, she was thrown partly through the windshield. As a result, respondent sustained concussion of the brain and, since the accident, has been subject to frequent headaches and periods of nervousness; she was also severely cut upon one of her legs and still bears the scars. The most serious injuries, however, were to her mouth, teeth, face and other portions of her head.

Prior to the accident, respondent had a perfect set of teeth. As a result of being thrown against the dashboard, the two upper central incisors were knocked loose and two other teeth were cracked. Even with the dental repair that was subsequently made, the evidence discloses that it is reasonably certain that all four teeth will ultimately have to be removed and a six-tooth bridge put in. As a result of being partially thrown through the windshield, respondent sustained several cuts upon her face. One of the arteries in the

temple region was severed, causing profuse bleeding. The cuts upon her face required a dozen or more stitches, and left a number of ugly scars.

The doctor's bill amounted to seventy-five dollars, the dental bill to one hundred dollars; subsequent dental work will necessitate the expenditure of approximately two hundred dollars. The jury returned a verdict in the sum of five thousand dollars. It appears to be conceded by counsel that, prior to the accident, respondent, by reason of her charm and physical beauty, was a very attractive young woman.

The disfiguration caused by the scars was seen by the jury and by the court. In ruling on the motion for a new trial, the trial judge stated that his first impression was that the verdict was a little high. After further reflection, however, he permitted the verdict to stand. This phase of the case presents a situation wherein it must be said that the trial court was in a much better position than are we to determine the extent of the damages resulting from disfiguration. The trial court was finally satisfied, apparently, that the verdict was not excessive. The record does not convince us that the court was in error in this respect. *Beeman v. Tacoma Railway & Power Co.*, 112 Wash. 164, 191 Pac. 813.

Appellant also assigns as error the giving of certain instructions and the refusal to give others requested by her. We have carefully examined all of the instructions, those given and those refused, and we find no merit in the contentions made with respect thereto.

The judgment is affirmed.

BEALS, C. J., MAIN, MITCHELL, and MILLARD, JJ., concur.