HENRY L. GUDE *vs.* CITY OF MANKATO.

March 6, 1883.

**Personal Injury—Defective Sidewalk—Evidence of Notice to City.—**
In an action against a municipal corporation for an injury caused by a particular defect in a sidewalk, evidence that, for a considerable time, the sidewalk at and near the place was generally in bad condition, is competent to prove notice of the particular defect.

Evidence *held* sufficient to sustain the findings of fact.

Appeal by defendant from a judgment of the district court for Blue Earth county, entered on the report of J. F. Walsh, Esq., referee. The action was for damages for personal injuries occasioned by a defective sidewalk, and the referee's finding as to the condition of the sidewalk is as follows: "That the defendant negligently allowed said sidewalk on said Front street to become, be, and remain, for a

space of 40 feet of the length of said walk, decayed and unsafe for travel  *  *  *  at the time of the injury to the plaintiff, and during all the time for at least one year prior thereto; and that, within said space of 40 feet, was a hole in said sidewalk, at or near the centre thereof, of the width of two inches and about eight inches long at the time of the occurring of said injury to the plaintiff and for two months prior thereto, of which the defendant had full and due notice; and adjoining said hole, and parallel thereto, was a board which was a part of said sidewalk, in which was a split, diverging from said hole, one end of which split was within said board and about two inches from said hole, and the other end of which split was immediately at the edge of said hole; which said split was so located in relation to said hole that that part of the board which was between said split and hole would, when stepped upon, give and sink, so as to extend the width of said hole so that the same would vary from two inches at one end to four inches at the other end of said hole; and that the same was and constituted a defect in said sidewalk, of which the defendant had due notice. That said sidewalk was composed of wood, the top being of planks laid crosswise of the walk."

The plaintiff, while passing along the walk in the daytime, stepped into this defective place and received the injuries complained of. No evidence of notice to the city of the defect in the walk was introduced, except proof of the length of time the defect had existed.

*J. A. Wiswell,* for appellant.

The space two and a half inches wide, running crosswise of the walk, was not a defect for which the defendant would be liable to one injured thereon. It is enough that the city exercises ordinary prudence and keeps its streets in a reasonably safe condition. It is not an insurer against accidents on its streets and sidewalks. 2 Dillon on Mun. Corp. (3rd Ed.) § 1015; *Ring* v. *City of Cohoes,* 77 N. Y. 83; *Raymond* v. *City of Lowell,* 6 Cush. 524, 532; *Stickney* v. *City of Salem,* 3 Allen, 374; *Town of Grayville* v. *Whitaker,* 6 Cent. L. J. 97.

There was no evidence of actual or constructive notice to the city of the alleged defect. The walk was not built by the city, but was constructed and kept in repair by the lot-owner. In order to make the city liable, it should have had notice of the defect in time to repair it,

v.30—17

and from the nature of the defect notice could not be presumed. *Moore* v. *City of Minneapolis*, 19 Minn. 258, (300;) *Furnell* v. *City of St. Paul*, 20 Minn. 101, (117;) *Goodnough* v. *City of Oshkosh*, 24 Wis. 549; 6 Wait's Act. & Def. 330; 2 Thompson on Negligence, 762. The notice must be of the particular defect complained of. *Smyth* v. *City of Bangor*, 72 Me. 249; *Ryerson* v. *Inhabitants of Abington*, 102 Mass. 526, 532; *Coates* v. *Town of Canaan*, 51 Vt. 131, 138.

*A. R. Pfau* and *P. A. Foster*, for respondent.

GILFILLAN, C. J.   There was sufficient evidence in this case to justify the findings of fact.   The evidence that the defect which caused the injury had existed for a considerable time sustains the finding that the city had notice of it.   To prove notice of the particular defect causing the injury, evidence that, for a considerable time prior to the injury, the sidewalk, at and near the place, was in general bad condition, was competent.   It is the duty of a municipal corporation, having the duty to keep in repair streets and sidewalks, not only to put them in repair when it has actual notice of defects, but to exercise reasonable care and diligence to know whether they are or are not in proper condition; and where injury is caused by a particlar defect, evidence of neglect of this duty by the corporation, where the performance of it would have led to knowledge of the defect, is competent to charge the corporation with liability.

Judgment affirmed.