[No. 3393.   Decided May 3, 1901.]

LAURA M. LAURIE *et vir, Respondents,* v. CITY OF BALLARD, *Appellant.*

MUNICIPAL CORPORATIONS — DEFECTIVE SIDEWALK — ACTION FOR INJURIES — EVIDENCE OF OTHER DEFECTS.

In an action to recover for personal injuries caused by the defective condition of a sidewalk, evidence of other defects in the same sidewalk of long standing and in close proximity to the defect which was the actual cause of the injury is admissible for the purpose of showing notice to the city of the general defective condition of the street, and as tending to show notice of the particular defect involved.

SAME — NEGLIGENCE — CONSTRUCTIVE NOTICE OF DEFECT — QUESTION FOR JURY.

The question of whether a city was constructively charged with notice of a defect in a sidewalk, whereby plaintiff was injured, was properly submitted to the jury, when it appeared from the evidence that the defect had existed for a period variously estimated by witnesses at from three to seven days, that the street was a much traveled one by reason of the vicinity of a school building and several churches, and that the walk at the point where the injury occurred was elevated on stringers some ten or twelve inches above the ground, and was used for a crossing for teams, for which purpose there had been constructed and in existence for a long time an approach for a wagon driveway.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge.   Affirmed.

*Ivan L. Hyland* and *Piles, Donworth & Howe,* for appellant.

*Davis & Gilmore* and *Ballinger, Ronald & Battle,* for respondents.

PER CURIAM.—Respondents are husband and wife, and as such they jointly instituted this suit to recover on account of injuries alleged to have been received by the

wife, Laura M. Laurie. On the 10th day of November, 1898, respondents resided in the city of Ballard, and about half past eight o'clock in the evening of said day Mrs. Laurie, while walking over the sidewalk along Tallman avenue, a public street in said city, stepped through a hole in the sidewalk and fell in such a manner that it is claimed she received therefrom serious and probably permanent injuries. The hole had been made by the breaking of a plank in the sidewalk. The evening was dark and there were no guards or signals at or near said broken plank and hole. It is claimed that Mrs. Laurie fell down upon and against the sidewalk with great violence, and that by reason thereof her left foot was sprained and her left hip bruised; that her left eye and ear were bruised and permanently injured; and that she was seriously and permanently injured internally. Mrs. Laurie, for some time prior to said accident, had been engaged in the management of an employment agency in the city of Ballard. It is claimed that respondents are damaged in the sum of $600 for the loss of Mrs. Laurie's time and labor, $810 for the husband's time and that of other nurses in nursing and caring for the wife, $500 for medicines and medical attendance, together with general damages for injuries in body and mind; making a total of $15,000, for which sum respondents ask judgment. A trial was had before a jury, and, when the evidence had all been introduced, appellant's counsel challenged the sufficiency of the evidence and moved the court that the case be withdrawn from the jury and judgment rendered for appellant. The challenge and motion were denied, and the court thereupon submitted the case to the jury under instructions. A verdict was returned in favor of respondents in the sum of $1,887.50, and judgment was thereafter rendered

against appellant for that sum.   A new trial was not asked
in the lower court, and it is not asked here.

Appellant assigns as error:    (1) The refusal of the
court to sustain its challenge to the sufficiency of the evi-
dence, and its motion that the case be withdrawn from the
jury and judgment rendered for the defendant; (2) the
refusal of the court to instruct the jury to render a verdict
for defendant, as requested by the defendant; (3) the
ruling of the court during the trial to the effect that testi-
mony as to the existence of other holes in the sidewalk
in that vicinity was admissible as evidence against the de-
fendant.    We will first discuss the last assignment of
error, inasmuch as it challenges the competence of much
evidence that went to the jury.   It is urged by appellant
that any evidence concerning the condition of the side-
walk at any point other than the one where the injury was
received is totally inadmissible.   Upon the other hand, the
respondents urge that it is proper to admit testimony of
other defects of long standing and in close proximity to
show notice to the city of the general defective condition
of the street, and as having some tendency to show notice
of the particular defect involved.   Under this theory the
court permitted the condition of this sidewalk to be shown
upon either side of the hole in question, and in front of
the same block.   A review of the following cases and oth-
ers shows that the respondents' theory was, by the several
courts, sustained:   *Osborne v. Detroit,* 32 Fed. 36; *Fuller
v. Mayor, etc., of Jackson,* 92 Mich. 197 (52 N. W.
1075); *Shaw v. President, etc., of the Village of Sun
Prairie,* 74 Wis. 105 (42 N. W. 271); *Munger v. Water-
loo,* 83 Iowa, 559 (49 N. W. 1028); *Gude v. Mankato,*
30 Minn. 256 (15 N. W. 175).

In *Osborne v. Detroit, supra* (decided by the United

9—25 WASH.

States circuit court, E. D. Michigan), at page 39 of the
opinion, the court says:

"The court was and still is of the opinion that plaintiff
was not confined to proving the condition of the walk at
the exact spot where the injury occurred. . . . Of
course, there should be reasonable discretion exercised in
admitting evidence of the condition of the walk near the
accident, but we think, in any case, if it be so near the
place of accident that a person examining the walk, or re-
sponsible for the condition of the walk in that neighbor-
hood, would be likely also to notice the defect at the spot
where the accident occurred, it would be competent."

In *Shaw v. President, etc., supra,* at page 107 of the
opinion (p. 272 of 42. N. W.) the court says:

"Several objections to the admission of testimony were
made on behalf of the defendant during the trial, based
upon the proposition that it was incompetent for the
plaintiff to show any defects in the sidewalk, except at the
precise place where the plaintiff was injured. Two rul-
ings upon the subject to which exceptions were duly taken
present this proposition for determination. One of these
rulings permitted the plaintiff to show the condition of
the sidewalk 50 or 60 feet each way from the place of the
accident. The other ruling was the admission of evidence
of the generally bad condition of the same sidewalk from
that place south, nearly to the depot. Such testimony was
admitted for the purpose of showing constructive notice
to the village of the defect in the sidewalk at the place of
the injury, there being no proof of actual notice in the
case. The proposition upon which the above exceptions
are based, to-wit, that the plaintiff should have been con-
fined in her proofs of the condition of the sidewalk, to the
place where she was injured, has been negatived by this
court in several cases, and is against the great weight of
authority elsewhere. The true rule doubtless is that for
the purpose of showing constructive notice to the town or
municipality of a defect in one of its highways, other de-
fects therein in the vicinity, or the general bad condition

of the same street, sidewalk, or bridge, may be shown. The cases holding this rule are very numerous."

We think, therefore, that this testimony was admissible as tending to show notice to the city, on the theory that, if the city officials had exercised proper care in the inspection of the street, they would have discovered the particular defect. The court limited the testimony to the same block, and we think this was not unreasonable. It is contended by appellant's counsel, however, that the rule should not apply here, because, as they allege, the hole in question had been in existence but three or four days prior to the accident, and that the exercise of reasonable and ordinary care in examination for general defects would not have led to the discovery of this particular defect within so short a time. There is much conflict in the testimony as to the length of time a hole had existed there. A number of witnesses for the respondents testified that there had been a hole at that particular point for weeks, and some even said for months, prior to the time of the accident. It is, however, we believe, clear from the testimony that, whatever may have been the size of the hole that existed there before, the plank at that point was broken by the wheel of a loaded wagon, which passed over it a few days before the accident. This time is variously estimated by the witnesses, ranging from three or four days to a week. The evidence shows that an approach or a driveway had been constructed by some one for the purpose of driving across the sidewalk at this point in order to reach the private inclosure of the adjoining premises, and that a few days before this accident a wagon loaded with wood was driven across it, when one of the wheels broke a plank and left the hole in the condition it was at the time of the accident. Thus, while the hole was undoubtedly made larger by the action of the wagon wheel

within a short time before the accident, yet there is too much conflict in the testimony for this court to assume to say that there was no hole at all there prior to that time which might have called for the attention of the city authorities in the exercise of reasonable care, and which would, therefore, have charged the city with constructive notice under the authorities. It is, in any event, admitted that there was a hole there for three or four days before the accident; that is to say, from the time it was broken by the wagon wheel; and appellant contends that it cannot be charged with constructive notice in so short a time. No rule can be laid down as to the length of time that must elapse after a defect has existed before a city can be chargeable with constructive notice. The supreme court of Missouri, in *Carrington v. St. Louis,* 89 Mo. 208, 213 (1 S. W. 241, 58 Am. Rep. 108), says:

"Much depends upon the surroundings in cases of this character, for what might be negligence in not knowing of a dangerous condition of a sidewalk at one locality in the city, would [not] be at another. This walk was much used and resorted to and that called for increased care on the part of the city."

The time which elapsed in the above case was about four hours, and the court held that the evidence was sufficient to justify the court in submitting the question of the city's knowledge of the obstruction to the jury. The above may be said to be an extreme case, as the facts surrounding the case occurred upon one of the much traveled streets of the city of St. Louis. It serves, however, to illustrate the principle that no arbitrary rule can be adopted by courts as applying to this question of lapse of time in order to charge a municipality with constructive knowledge. The evidence in this case shows that Tallman avenue, in the city of Ballard, is a much traveled street for a city of that size. One of the public school buildings is located

only a short distance from the scene of this accident, and several hundred school children are in daily attendance at said building, many of whom travel upon said street. Several churches are also near, and persons attending services thereat travel along this street, besides the usual and ordinary travel of residents in that locality. We believe, under any view of this question of the lapse of time, that the circumstances of this case were such as justified the court in submitting the matter of negligence to the jury. This is further emphasized by the fact that the evidence shows that the planks of the sidewalk at that point were elevated above the ground at least from ten to twelve inches, were supported by stringers, and that the aforesaid approach for a wagon driveway lengthwise of said planks had existed for a long time prior to the accident. We think it was proper for the jury to consider whether the existence of that driveway, under the circumstances, called for greater vigilance on the part of the city in watching for defects at that particular place than it would have been chargeable with had no such driveway existed.

Referring again to the matter of the admitted testimony as to other defects than the particular one, we think it is manifest that the jury could not have considered such testimony for any other purpose than that for which the court admitted it. The court gave the following instruction to the jury:

"Before you can find for the plaintiff, you must find that the walk in question, at the time and at the particular place of the alleged injury, was so defective and dangerous as not to be reasonably safe for public travel, and that said defect or dangerous condition of the walk at that place had existed for such a length of time and was so manifest to the senses that the officers and agents of the city could, with reasonable diligence, know, or by the exercise of reasonable care would have known, it in time

to have remedied the defect before the accident. There is evidence before you as to the location of the hole in which the plaintiff, Mrs. Laurie, is alleged to have received injuries. I charge you that in arriving at your verdict you have no right to find for the plaintiff on account of any negligence of the defendant, if there was any such negligence, in regard to other holes or defects. Unless you find that the defendant was negligent in respect to the particular hole or defect where the plaintiff, Mrs. Laurie, is alleged to have received her injuries, your verdict must be for the defendant."

In view of the foregoing instruction, we think no confusion could have existed in the minds of the jury upon this subject.

The evidence clearly shows that Mrs. Laurie received injuries from stepping through the hole in the sidewalk, and, for the reasons heretofore stated, we think the court properly submitted the question of negligence on the part of the city, and also that of contributory negligence on the part of Mrs. Laurie, to the jury, and that it committed no error in denying appellant's challenge to the evidence, and its motion to withdraw the case from the jury.

The judgment is therefore affirmed.