[No. 4872.      Decided April 4, 1904.]

BENJAMIN FRANKLIN, *Respondent,* v. AUGUST ENGEL, *Appellant.*[1]

NEGLIGENCE—DANGEROUS PREMISES—TRAP DOOR—NOTICE—EVI-
DENCE OF WARNING GIVEN TO OTHERS.   In an action for personal
injuries caused by falling through a trap door, maintained by the
proprietor of a restaurant in dangerous proximity to the place
provided for customers' hats and coats, evidence that on a previ-
ous occasion defendant had warned another customer about ap-
proaching the hole is admissible as descriptive of the place and to
show defendant's actual knowledge of the danger.

EVIDENCE—DIAGRAM OF PREMISES.   In an action for negligence
in the maintenance of dangerous premises, a plat which is a sub-
stantially correct diagram of the situation is admissible to illus-
trate the testimony of the witness.

NEGLIGENCE—COMPARATIVE—INSTRUCTION ENDORSING DOCTRINE
OF.   An instruction that the plaintiff in order to recover need not
be wholly free from negligence provided his negligence is slight
in comparison with gross negligence of the defendant, is erroneous
as an endorsement of the doctrine of comparative negligence.

Appeal from a judgment of the superior court for Co-
lumbia county, C. F. Miller, J., entered June 5, 1903,
upon the verdict of a jury rendered in favor of the plain-
tiff for $500 damages for personal injuries sustained in
a fall through a trap door on defendant's premises.   Re-
versed.

*Miller & Fouts* and *R. F. & R. M. Sturdevant,* for
appellant.

*M. M. Goodman* and *Hardy E. Hamm,* for respond-
ent.

DUNBAR, J.—The appellant was the owner of a brick
building in Dayton, Washington, in the front of which
he was conducting a general merchandise store, and ir

1Reported in 76 Pac. 84.

the rear thereof—separated from the main store room by a partition—he was conducting a restaurant. There was a doorway through this partition, leading from the store room into the room used as a restaurant; and, in the corner of the store room, on the left of one entering the restaurant, was a small room which was used in connection with the restaurant as a private booth, and on the sides of which, next to the store room, were placed coat or hat hooks for the use of patrons of the restaurant. On either side of the store room were counters, and, between them, a space twelve feet wide, running the full length of the store room, used by customers to the store and restaurant. The counter on the left hand side of the store room, being on the left of one going from the street entrance toward the restaurant, extended to a point within six or seven feet of the wall of the small room before mentioned; and, between the end of this counter and room or booth, was a cellar door, three feet ten inches wide by four feet long, used in closing the passage way leading to a cellar underneath the building; which door, when closed, formed a portion of the floor, and when raised, the side or edge of the door was back against the outer wall of said small room, and when open, left said opening through the floor into the cellar. There was no railing or guard or other obstruction of any kind around or about this cellar door or opening.

The complaint alleges that on the 22d day of March, 1902, respondent entered said store room and started for the restaurant in the rear of the building, approaching the hat hooks which were on the wall of the small room facing the store room and over the said cellar door (which was open) for the purpose of hanging thereon his hat and coat, and fell through the cellar door and received the

injury complained of, the ordinary allegations of negligence being set out in the complaint.

The answer denied negligence on the part of the appellant, and alleged due care and diligence in guarding the cellar door and opening into the cellar, mentioned in plaintiff's complaint; and that said opening was duly protected at the time of the injury complained of by boxes, piled about said opening, between said opening into the cellar and the hall leading to the restaurant; and that the respondent's fall was caused by respondent's going out of said hallway, and behind said boxes, while intoxicated with liquor, and by his own carelessness and negligence. The reply was a simple denial of the affirmative allegations of the answer. Verdict was returned by the jury in favor of the respondent for $500, judgment was issued thereon, and appeal prosecuted.

It is first contended that the court erred in overruling the objection of the appellant to the testimony of witness Spallinger, who testified that the trap door had been open many times before, to the knowledge of the appellant, and that he and others had been warned by the appellant to look out for the trap door, asserting that it was a little dark back there. Considerable testimony of this character was admitted, but finally, upon motion of the appellant's attorney, the testimony was all stricken excepting that portion which related to the warning given the witness, the court saying:

"The court does not think it is competent for the witness to testify about times prior thereto. The jury are instructed not to consider that part of the evidence. But that part of the testimony that the defendant warned the witness to look out for the hole when he approached the rear end of the store will remain in the testimony. It goes to show that the defendant had notice."

This testimony we think was properly admitted, under the rule announced by this court in *Elster v. Seattle,* 18 Wash. 304, 51 Pac. 394, where it was held that, in an action against the city for injuries received by reason of a fall resulting from the defective condition of a sidewalk, evidence of injuries received by others at the same place, and prior to the accident was permissible on the ground of being descriptive of the condition of the walk, and also as tending to show constructive notice to the city of its dangerous character. Of course, in this case the testimony went further than that, and showed actual knowledge of the appellant.

We are unable to see any objection to the admission of the plat prepared by witness Harper. He testified that it was a substantially correct diagram of the situation, and that it was approximately correct with regard to the situation of the doorway to the cellar door and the counter. It was properly used to illustrate the testimony of the witness, and this seems the only purpose for which it was used, both appellant and respondent using it in the examination of the witness.

Objection is made to a great many of the instructions given by the court, but, with one exception, we think—without specially analyzing the instructions objected to—that they gave the law correctly, and were pertinent to the issues made by the pleadings and the testimony adduced at the trial. The exception noted is as follows:

"While a person is bound to only use reasonable care to avoid an injury, yet he is not held to the highest degree of care and prudence of which the human mind is capable, and to authorize a recovery for an injury he need not be wholly free from negligence, provided his negligence is but slight and the other party is guilty of gross negligence in comparison therewith."

It is insisted by the appellant that this instruction endorses the doctrine of comparative negligence—a doctrine which is almost universally condemned by courts and authors of the law of negligence. It is a doctrine which was, for many years, sustained by the supreme court of the state of Illinois, but was finally overruled in that jurisdiction in the case of *City of Lanark v. Dougherty,* 153 Ill. 163, 38 N. E. 892, where it was said:

"Objections are made to three of the instructions given for the plaintiff. It is said of two of these instructions, that they ignore the rule of comparative negligence. The doctrine of comparative negligence is no longer the law of this court. The instructions in the present case require the jury to find, that the plaintiff was exercising ordinary care, and that the defendant was guilty of such negligence as produced the injury. This was sufficient, without calling the attention of the jury to any nice distinctions between different degrees of care or of negligence."

It is contended by the respondent that this instruction does not authorize the jury to enter into the investigation of the question of comparative negligence. But it seems to us, from a careful reading of the instruction, that the jury was warranted, under its terms, in weighing the negligence of the plaintiff and that of the defendant; and that, if they found that—even though the plaintiff had been guilty of negligence—if that negligence was slight in comparison with the negligence of the defendant, the plaintiff could recover notwithstanding such negligence. This, as we understand it, is the doctrine of comparative negligence, and the court especially instituted the comparison between the negligence of the plaintiff and that of the defendant. We think the court confused the doctrine of comparative negligence with the definitions sometimes given of gross negligence, ordinary

negligence, and slight negligence. But this classification is not intended to institute a comparison between the negligence of plaintiffs and defendants in actions for damages for injuries claimed to have been sustained, but, as is said by Cooley on Torts, (2d ed.), p. 753:

"  .  .  .  the classification only indicates this: that under the special circumstances great care and caution were required, or only ordinary care, or only slight care. If the care demanded was not exercised the case is one of negligence, and a legal liability is made out when the failure is shown."

It would create confusion in the administration of justice if distinctions and comparisons of this kind were submitted to the discretion of jurors, and it is a safer rule to prescribe that, if the injury is caused by the negligence of the defendant alone, recovery can be obtained; but if the negligence of the plaintiff contributes to the injury, such negligence bars a recovery.

For this error the judgment is reversed and the cause remanded with instructions to grant a new trial.

FULLERTON, C. J., and MOUNT, HADLEY, and ANDERS, JJ., concur.