[No. 7305.   Decided June 22, 1908.]

LOUISA A. McCORMICK, *Respondent*, v. SEATTLE ELECTRIC COMPANY, *Appellant*.[1]

CARRIERS—PASSENGERS—SETTING DOWN PASSENGERS—EVIDENCE— SUFFICIENCY. There is sufficient evidence to sustain a finding that a street car step was defective, where the plaintiff, a woman weighing 250 pounds, testified that it sagged down when she stepped upon it, and caught and held the heel of her shoe.

SAME—INSTRUCTIONS — CONTRIBUTORY NEGLIGENCE — COMPARATIVE NEGLIGENCE. In an action by a passenger for personal injuries sustained in alighting from a street car, it is proper to instruct that the plaintiff is not required to be absolutely free from any neglect whatever, that that would require extraordinary care, the exercise of ordinary care being sufficient, and that plaintiff may exercise ordinary care although "guilty of slight neglect in the broadest sense of the term"; and the same does not indorse the doctrine of "comparative" negligence.

Appeal from a judgment of the superior court for King county, Tallman, J., entered December 19, 1907, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a passenger alighting from a street car. Affirmed.

*James B. Howe* and *A. J. Falknor*, for appellant.
*J. P. Ball* and *I. D. McCutcheon*, for respondent.

[1]Reported in 96 Pac. 220.

FULLERTON, J.—The respondent recovered a judgment against the appellant for $1,200, for personal injuries received while alighting from one of the appellant's cars on which she was a passenger. Her evidence tended to show that she boarded the car in the business section of the city of Seattle, and rode therefrom to the street on which her residence was situated, where the car stopped for her to alight; that she was somewhat corpulent, weighing nearly 250 pounds; that, when she stepped upon the car step while getting off the car, it sagged, caught and held the heel of the shoe of her right foot, preventing her from removing the foot from the car step after she had stepped to the ground with the other one; that while she was in that position the car was started, throwing her to the ground and causing the injuries for which she sued. The evidence on the part of the defense was to the effect that the respondent voluntarily stepped from the car while it was in motion, and while it was being brought to a stop, and that her fall was caused by this act on her part and not because of any negligence on the part of the appellant. Evidence was presented, also, tending to show that the car step was in good condition and would not sag when stepped upon.

Two errors are assigned by the appellant. The first is that the court erred in submitting to the jury in its instructions the question whether or not the car step was in a defective condition, contending that there is nothing in the respondent's testimony upon which to base a finding that the step was defective. But we think the evidence upon this point ample to sustain such a finding. It is true, no attempt was made to show the cause of the defect, or its nature independent of the result it produced; but, to show that it was used in the manner it was intended to be used, that it sagged down, permitting the heel of the shoe of the person using it to be caught and held when she attempted to step down therefrom, is to show a defective condition of the step, as one properly constructed and maintained will not produce such results.

The second assignment is that the court erred in giving the following charge to the jury:

"The law does not require the plaintiff in an action for personal injuries to be absolutely free from any neglect whatever in order to recover, for such a requirement would impose upon him the duty of exercising extraordinary care and prudence, which is not the standard by which his neglect is measured. All the law required of the plaintiff is the exercise of ordinary care under the circumstances surrounding him, and this he may do although he may be guilty of some slight neglect in the broadest sense of that term."

But it is manifest that the court here meant to instruct the jury that the measure of the respondent's conduct was ordinary care, and that if she exercised ordinary care in her endeavor to leave the car and was injured, she was entitled to recover even though they might find her guilty of some slight degree of negligence. This is a correct statement of the rule. The highest degree of care possible is not exacted of a passenger. He must exercise ordinary care, and when he does so and is injured by the negligence of the carrier, he is entitled to recover, even though the exercise of a higher degree of care than ordinary care on his part might have prevented the injury. The case of *Franklin v. Engel*, 34 Wash. 480, 76 Pac. 84, does not lay down a contrary doctrine. In that case the instruction of the court introduced the doctrine of comparative negligence, and it was this doctrine that the court condemned.

There is no error in the record, and the judgment appealed from will stand affirmed.

HADLEY, C. J., RUDKIN, MOUNT, CROW, ROOT, and DUNBAR, JJ., concur.