[No. 8457. Department Two. February 9, 1910.]

JOHN A. FALLDIN et al., Respondents, v. THE CITY OF SEATTLE, Appellant.[1]

MUNICIPAL CORPORATIONS — SIDEWALKS — CONSTRUCTIVE NOTICE— EVIDENCE—ADMISSIBILITY. In an action for injuries sustained in a fall upon a defective sidewalk, evidence of the condition of the walk and of other accidents but a few days, or at most weeks, prior .to the accident in the same locality, is admissible to show construc- ‑ tive notice of the defect.

APPEAL—REVIEW—EVIDENCE—WAIVER OF OBJECTION. Error can- not be predicated upon the refusal to strike out evidence outside the issues, when it was admitted without objection.

MUNICIPAL CORPORATIONS—CLAIMS FOR INJURIES—VARIANCE—ULTI- MATE EFFECTS. A claim against a city for personal injuries to plaintiff's "limbs, side, back, and neck," admits of evidence of a goiter that developed subsequently and by reason of the accident, where the ultimate result could not be known at the time of the accident, and the defendant had ample opportunity to investigate and claimed no surprise.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $8,500 for injuries sustained in a. fall upon a defective sidewalk, reduced by the trial judge to $5,000, will not be set aside as ex- cessive, where the plaintiff was severely injured in her back, side, and neck, is suffering from traumatic lumbago and violent head- aches, and there was evidence that she was permanently afflicted with severe nervous prostration from shock.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered May 1, 1909, upon the verdict

[1]Reported in 106 Pac. 914.

of a jury rendered in favor of the plaintiffs, for personal injuries. Affirmed.

*Scott Calhoun* and *James E. Bradford*, for appellant.

*Douglas, Lane & Douglas*, for respondents.

CROW, J.—This action was commenced by John A. Falldin and Alma C. Falldin, his wife, against the city of Seattle, to recover damages for personal injuries sustained by Alma C. Falldin in falling through a defective sidewalk. From a judgment in favor of the plaintiffs, the city has appealed.

Appellant first contends that the trial court erred in so ruling upon evidence as to permit witnesses for the respondents to state the condition of the walk prior to the accident, without any limit as to time or locality, and to testify to other accidents without showing that they occurred in the same place or about the same time, or that they were caused by the same defect. The record does not sustain appellant's suggestion that no limitation of time or place was imposed upon the witnesses in giving their evidence, or that any such limitation was necessary. Their evidence tending to show the defective condition of the walk was confined to a period of but a few days or, at most, weeks, prior to the accident, and also to the locality where the respondent was injured. It was clearly competent for the purpose of showing constructive notice to appellant. The other accidents mentioned by the witnesses happened in the same locality, on the same walk, and about the same time. That such evidence was competent is shown by the following cases cited by appellant: *Franklin v. Engel*, 34 Wash. 480, 76 Pac. 84; *Shearer v. Buckley*, 31 Wash. 370, 72 Pac. 76; *Smith v. Seattle*, 33 Wash. 481, 74 Pac. 674.

In *Shearer v. Buckley*, this court said:

"The court announced that evidence would be heard as to the condition of the street for a time prior to the accident, confined to within a block of the point where the accident occurred, and at the same time stated that such evidence was

admitted as bearing only upon the question of constructive notice to appellant, and for the purpose of showing whether the condition in the immediate vicinity was such that appellant ought to have known of the particular defect.    The evidence was admitted in accord with the rule followed in *Laurie v. Ballard, supra* [25 Wash. 127, 64 Pac. 906], and the court did not err."

Alma C. Falldin fell through a defective sidewalk for a distance of about eight feet, into a gully below, and was injured in her back, side and neck.    The verified claim for damages which she filed with the city so stated.    Her physician, when asked on direct examination as to the condition of her neck, testified that she had a goiter which might have resulted from her fall.    This evidence was at the time admitted without objection.    Appellant's counsel on cross-examination went further into the question of the existence and cause of the goiter, but later asked that all evidence relative thereto be stricken, for the reason that the goiter was not specified or included within the terms of respondents' notice and claim served upon the city.    Appellant now insists that the court erred in denying its motion to strike.    It is in no position to predicate error on evidence which it permitted to be admitted without objection.    In any event, respondents' verified claim stated that Alma C. Falldin had sustained "severe and painful injuries to her limbs, side, back and neck." The accident occurred on September 21, 1907, the claim was filed on October 18, 1907, and the trial occurred in March, 1909, almost eighteen months later.    If, in the meantime, the goiter had developed, and if, as her physician testified, it resulted from her fall, the evidence was competent.    Her claim for damages informed the city of her contention that she had received an injury to the neck.    At that time it may have been impossible for her to more definitely state the ultimate effect or results of her injuries.    The city was sufficiently advised to enable it to have her condition investigated prior to the trial.    It did not claim surprise, nor did it ask a continuance.    Other physicians testified, stating it as their

opinion that the true cause of goiter was obscure and unknown, but that it would not result from a fall such as respondent experienced. The weight and credibility of this conflicting evidence was for the jury. Upon thè entire record we are unable to find that the trial judge erred in the admission or exclusion of evidence.

Error is predicated on instructions given and refused. We find no prejudicial error in this regard, nor do we deem it necessary to enter upon a specific discussion of the instructions of which complaint is made. We have carefully examined those given and conclude that they clearly, fully, and impartially state the law applicable to the issues and evidence.

The jury returned a verdict for $8,500. The trial judge denied appellant's motion for a new trial on condition that respondents consent to remit $3,500, which they did. Judgment was then entered for $5,000. Appellant contends that the damages are still so excessive as to require a new trial or a further reduction. After a careful consideration of all the evidence, we do not feel that we would be justified in ordering a further reduction. The issues involved were considered by the jury. The trial judge, who saw the respondent and other witnesses and heard them testify, made such a reduction as, in the exercise of his judgment and discretion, he concluded would be fair and just. The respondent was severely injured in her back, side, and neck. She is suffering from traumatic lumbago, and from severe pains in the neck causing violent headaches. She is also afflicted with traumatic neurasthenia, commonly known as severe nervous prostration, resulting from shock or injury. Some of the physicians who testified were of the opinion that her condition would be permanent; others thought she would recover. The evidence on this point was conflicting and was for the jury. Her attending physician testified that her condition was more serious at the time of the trial than it was shortly after the accident, and that she was constantly growing worse. If her condition as disclosed by the evidence is permanent, a fact

which the jury must have found, the damages finally awarded, while perhaps ample compensation, are not excessive. Under all the circumstances and facts shown, we conclude that we would not be justified in ordering a further reduction.

The judgment is affirmed.

RUDKIN, C. J., DUNBAR, PARKER, and MOUNT, JJ., concur.