[No. 14902.    Department One.    January 6, 1919.]

WOOLWORTH COMPANY, *Appellant,* v. THE CITY OF
SEATTLE, *Respondent.*[1]

MUNICIPAL CORPORATIONS (473, 479)—DEFECTIVE SEWERS—ACTIONS
FOR INJURIES—CONTRIBUTORY NEGLIGENCE. There can be no recovery
for damages from flooding and injury to goods, where the loss was
due to the concurrent negligence of the city in the maintenance of
sewers of insufficient capacity to carry off an average rainfall, and
the contributory negligence of the owner in failing to keep clean
and in proper repair a back water valve required by ordinance in
all cellar and basement drains.

EVIDENCE (92)—TRIAL (16)—ADMISSIONS BY AGENT. An admis-
sion stated to the court by plaintiff's general manager, made during
the trial to clear up some confusion in his testimony, is binding
upon the plaintiff.

Appeal from a judgment of the superior court for
King county, Ronald, J., entered March 22, 1918, upon
findings in favor of the defendant, upon granting a
nonsuit, in an action in tort.    Affirmed.

*Leola May Blinn,* for appellant.

*Hugh M. Caldwell* and *James A. Dougan,* for re-
spondent.

MITCHELL, J.—Appellant, plaintiff below, was en-
gaged in the mercantile business in the Arcade Build-
ing, in Seattle.    In addition to its salesroom, it occu-
pied the basement underneath for the storage, re-
ceiving, checking and shipping of its merchandise.
It was a tenant of the premises, the basement of
which abuts upon University street.    The city main-
tained a sewer in University street.    Radiating from
this sewer there was a lateral sewer from and accom-
modating the premises used by appellant.    On March
5, 1917, there was an average heavy rainfall, when

[1]Reported in 177 Pac. 664.

the basement became flooded, causing damage to appellant's goods and merchandise which, together with the cost of removing and cleaning the same, amounted to the alleged sum of $448.56. Charging the city with negligence in maintaining a main sewer on University street inadequate to meet the burden imposed upon it, resulting in the damage referred to, appellant presented to the city its duly verified claim for damages, the rejection of which occasioned this action. The city, by its answer, denied liability, and affirmatively answered, alleging contributory negligence. The case was tried without a jury. At the close of plaintiff's case, the court granted defendant's motion for a nonsuit. Upon the request of defendant, findings of fact were made, upon which a judgment of dismissal was entered. Plaintiff appeals from the judgment.

On the date mentioned, and for some years prior thereto, there was in force an ordinance of the city which, *inter alia,* provides:

"All cellar and basement drains must, when connected to sewer, . . . be protected from backwater by backwater valves; said backwater valves must be provided with an air-tight clean-out cover placed immediately above valve, either screwed or bolted in place, capable of being removed for examination or repairs." Ordinance No. 22,839, § 32.

In the basement there was installed an iron manhole or receiving water tank, some two feet deep and about the same in diameter, narrower at the top, on which was placed, flush with the floor, a latticed circular iron cover having a mesh about two inches square. Within the manhole the intake of the drain pipe formed an elbow, the end of which, turned down and submerged in water when in place, was below the bottom of the stem of the drain pipe, thus forming a trap to prevent odors escaping from the sewer. On

the stem of the pipe near the elbow and within the manhole there was constructed a backwater valve and cover as provided by the ordinance of the city. The drain pipe ran into a larger one from the building and thence into the University street main sewer. The water that flooded the basement poured back boiling out of the manhole.

It is the contention of appellant that the incapacity of the main sewer alone caused the flooding, while the respondent claims the backwater valve had been allowed to become unclean and clogged by the fault of appellant, thus causing the flooding and damage. The trial court found the main sewer inadequate, to which the city took no exception, and also found the appellant negligent in not keeping the backwater valve clean and in proper repair, to which appellant excepted. There is no testimony to show the backwater valve was structurally insufficient or out of repair.

There was ample testimony by the head janitor, superintendent, and assistant superintendent of the building, and by E. M. Barstow, manager of appellant's mercantile business in Seattle, all of whom witnessed the flooding, to justify the finding that all the water which caused the damage backed up from the street sewer through the drain pipe and manhole into the basement.

On the other hand, C. A. Davis, appellant's witness, a plumber and member of the firm that put in the plumbing, testified in detail as to its construction and operation, using a backwater valve to illustrate and explain its proper purpose and functions. It appears the backwater valve consisted of a solid door which hung vertically inside the drain pipe from a hinge, and when undisturbed rested against the surface of a circular collar or shoulder. Water escaping from the basement through the manhole and drain pipe would

have no trouble in causing the door of the backwater
valve to yield, while water backing up the drain pipe
would force the door of the backwater valve against
the shoulder and thus prevent the further passage of
water, assuming always there is no debris or trash
to clog the proper operation of the door of the back-
water valve. The plumber stated that, if the door
to the valve were free, backwater from the sewer could
not pass—the harder the pressure from that direction
all the better, if possible, to prevent the backwater
from passing. Appellant attempted to meet the force
of this testimony by showing the basement floor was
cleaned at the end of each day's work; but consider-
ing the manner in which the backwater valve was
constructed, and the further fact that there was no
fine screen over either the manhole or the intake of
the drain pipe, nor other device to prevent debris from
getting into the valve, the flooding backward from the
sewer is explainable on no reasonable theory other
than that the door to the valve had been rendered use-
less by reason of carelessness in permitting waste mat-
ter to get into and clog the door of the backwater
valve.

Counsel for appellant also contends that a part of
the flood water or sewage came back into the basement
through the toilet. We do not so understand the
proof. The rear of the basement was fifteen inches
higher than that where the flood occurred. The toilet
was situated in the rear basement, but all the wit-
nesses who testified on this point said the damage
was done by water pouring back through the manhole
in the lower basement. The evidence does not show
how the plumbing was constructed from the toilet into
the sewer. One witness only, E. C. Barstow, testified
there was backwater through the toilet, but the record

shows that, later in the trial, when another witness was being examined with reference to this, Mr. Barstow, to clear up some apparent confusion, stated to the court: "Water came from the toilet but did no damage in the basement. This damage all came through the manhole." Counsel for appellant argues that Mr. Barstow was not testifying when the statement was made. Appellant is bound by the statement, however, as an admission during trial, for Mr. Barstow was general manager for appellant in the conduct of the business which had suffered the loss, and was such manager and agent at the time of the trial.

The finding of negligence against the respondent is unchallenged. The evidence preponderates in support of the finding of contributory negligence on the part of the appellant. The two acts of negligence concurring and co-operating constituted the proximate cause or occasion of the damage complained of, thus precluding a recovery. *Franklin v. Engel,* 34 Wash. 480, 76 Pac. 84; 20 R. C. L., Negligence, §§ 88, 89.

Judgment affirmed.

MAIN, C. J., MACKINTOSH, and TOLMAN, JJ., concur.