[No. 15522. Department One. January 9, 1920.]

# B. F. EBLING, *Respondent*, v. OTTO NIELSEN *et al.,* *Appellants*.[1]

HIGHWAYS (52) — AUTOMOBILES — NEGLIGENT USE — VIOLATION OF
STATUTES. The violation of Laws 1917, p. 636, § 15, requiring a red
light visible at least two hundred feet to be attached to the rear of
a motor vehicle, is of itself negligence.

SAME (52, 58) — CONTRIBUTORY NEGLIGENCE — EVIDENCE — SUFFI-
CIENCY. One driving an automobile over a straight road on a dark
and rainy night, at a speed of twenty-five miles an hour, who collided
with an auto-truck parked at the margin of the road with an in-
sufficient red light, was guilty of contributory negligence, as a mat-
ter of law, where he did not apply the foot brake until twenty-five
feet from the truck, or the emergency brake until within ten
feet, and his car skidded into the truck although the wheels were
locked.

SAME (52) — AUTOMOBILES — NEGLIGENCE — VIOLATION OF TRAFFIC
LAWS. Negligence *per se* in the violation of traffic laws does not
preclude the defense of contributory negligence.

Appeal from a judgment of the superior court for
King county, Hall, J., entered March 7, 1919, upon
findings in favor of the plaintiff, in an action for dam-
ages sustained in an automobile collision, tried to the
court. Reversed.

*Ogden & Clarke* and *Joseph Oakland,* for appellants.
*J. Speed Smith* and *Henry Elliott, Jr.,* for respond-
ent.

MITCHELL, J.—This action was brought to recover
for damages to respondent's automobile on account of
a rear-end collision with a large motor truck belonging
to appellants. The case was tried without a jury.
The court made findings and conclusions to the effect
that the collision was caused by the negligence of ap-

[1]Reported in 186 Pac. 887.

pellants and entered judgment accordingly, from which the appeal is taken.

Appellants contend the weight of the evidence dis- ·misses them from the charge of negligence and affirmatively and clearly establishes contributory negligence which denies respondent any right of recovery. Appellants are charged with a violation of that portion of the amendment of the motor vehicle act found in chapter 155, at pages 636, 637, Laws of 1917, § 15, which provides:

"Such motor vehicle shall have attached to the rear not less than one lamp showing a red light, visible at least two hundred feet in the rear of such machine, . . ."

The collision occurred on the Pacific highway, about eight miles south of Seattle, about six o'clock in the evening, November 8, 1918, at which time it was dark and a heavy rain was ·falling. Because of engine trouble appellants had stopped their motor truck, facing south, on the right-hand margin of the road, and had gone to procure assistance, after lighting a lamp showing a red light to the rear of the truck which was burning at the time of the collision. A boy fifteen years of age was left with the truck. There is a sharp dispute in the evidence as to the power of the red light. Appellants' proof tends to show it was sufficient, particularly so when taken in connection with the plausible contention that the reach of visibility of the red light exacted by the law does not contemplate weather conditions such as existed at the time of the accident. On the contrary, respondent's proof shows the light was very dim and insufficient. Out of the conflict the trial court was convinced in this respect against the appellants, and an examination of the evidence satisfies us it preponderates that way. A thing which is done in violation of positive law is

in itself negligence. *Engelker v. Seattle Electric Co.,* 50 Wash. 196, 96 Pac. 1039; *Ballard v. Collins,* 63 Wash. 493, 115 Pac. 1050.

We think the contributory negligence of the respondent equally manifest. The accident occurred on a straight line of the highway. Respondent, driving south, was bowling along, twenty miles an hour, in the dark, a heavy rain falling. He had a cleaner on his wind-shield, but did not know how long before the accident he had last used it. He had a traveling companion by the name of Hennesey. Respondent's own account of the manner in which the accident happened is as follows:

"When we were within about 25 feet of this truck Mr. Hennesey said, 'Ben, there is a car ahead.' I said, 'I see it,' and I put my foot on the foot brake, and when I saw I could not stop, I threw the emergency on, and when I did that we just skidded right on. I could not swing out because just about the time when we saw this there was a car coming the other way and I would have collided with the other car if I turned out suddenly·from the back of the truck."

Under cross-examination he went somewhat more into details, as follows:

"Q. Did your brakes lock the wheels? A. The emergency locked the wheels because I threw it on just as hard as I could. Q. How far do you think you went after your wheels locked? A. The wheels locked within about four or five feet of the truck, I judge. The whole thing came so fast that there was very little chance to do anything but use the best judgment that you could. Q. How far were you from the truck when you first put on your foot brake? A. About 25 feet. Q. How far were you from the truck when you threw on the emergency? A. About ten feet I judge. Q. And the impact followed practically almost simultaneously? A. Yes, sir; your mind works with your feet automatically. Q. Did the emergency lock the wheels? A. Yes, sir, and I skidded right under the truck."

The same statute heretofore referred to, the amendatory act of the motor vehicle law of 1917, at pages 636, 637, § 15, provides:

"Every motor vehicle shall exhibit during the hours of darkness, at least two lamps, one on each side, showing white lights visible two hundred feet or more in advance of said vehicle."

Counsel for respondent contends the words, "visible two hundred feet or more in advance of said vehicle," show that the two white lights are intended to assist the other fellow, the one approaching, in avoiding a collision. Manifestly, however, in actual experience the headlights of an automobile do serve as a means to assist the driver in picking up within his own vision objects he approaches, and to that extent constitute an agency he must employ with due and proper care to avoid injury to himself as well as another. It happens in this case there is not a word of testimony to show that respondent had any front lights on his machine; and if he had none, then, wholly independent of any statutory law, it would have been gross negligence for him to drive his car as he did at that time and place and under the weather conditions existing. However, the presumption is that he complied with the law in this respect and we assume he was using the front lights required. Then, under the test of ordinary care and prudence, he was required to have his machine under such speed and control, considering all the circumstances, including any reasonable likelihood of skidding when the brakes were applied, as would permit him to safely handle his machine without a collision, after he could and should have discovered the motor truck, independent of the question of the sufficiency of the red light. 29 Cyc. 505; *Lauson v. Town of Fond du Lac*, 141 Wis. 57, 123 N. W. 629, 135 Am. St. 30, 25 L. R. A. (N. S.) 40.

It is a well settled rule that, if the negligent act of the defendant consist of the violation of a statute or ordinance, and although such violation is held to be negligence *per se,* it will not for that reason prevent contributory negligence from defeating recovery. *Fluhart v. Seattle Elec. Co.,* 65 Wash. 291, 118 Pac. 51; *McEvilla v. Puget Sound Tr., L. & P. Co.,* 95 Wash. 657, 164 Pac. 193; 29 Cyc. 508, paragraph 2 and cases cited. The inquiry is not so much which is the more at fault, but as tersely stated by Judge Dunbar, in *Franklin v. Engel,* 34 Wash. 480, 76 Pac. 84:

"If the injury is caused by the negligence of the defendant alone, recovery can be obtained; but if the negligence of the plaintiff contributes to the injury, such negligence bars a recovery."

Our conclusion is that respondent was guilty of contributory negligence of such pronounced and substantial sort as to bar him from any right of recovery.

Reversed, with directions to the superior court to enter judgment in favor of appellants.

HOLCOMB, C. J., MACKINTOSH, PARKER, and MAIN, JJ., concur.