[No. 17562.    Department One.    February 24, 1923.]

Carl L. Doty *et al., Respondents,* v. Albers Brothers Milling Company, *Appellant.*[1]

Highways (52, 58)—Automobiles—Negligent Use—Evidence—Question for Jury. In an action for damages through a collision with a truck, the negligence of the defendant and the contributory negligence of the plaintiff is for the jury, where plaintiff testified he was driving at night at not to exceed twenty miles per hour with his lights burning, and struck defendant's truck, which was standing on the pavement and had no tail light, and could not be seen until too late to avoid the collision.

Appeal from a judgment of the superior court for Pierce county, Askren, J., entered March 23, 1922, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for damages sustained in an automobile collision. Affirmed.

*Bates & Peterson* and *C. E. Stevens,* for appellant.

*Louis J. Muscek,* for respondents.

Per Curiam.—This appeal is prosecuted upon the theory that the contributory negligence of plaintiff, the husband, in driving his car, bars a recovery.

[1]Reported in 212 Pac. 1053.

It is insisted that the facts are like those of *Ebling v. Nielsen,* 109 Wash. 355, 186 Pac. 887, and the same case on rehearing *En Banc,* 113 Wash. 698, 193 Pac. 569.

That is incorrect. In the *Ebling* case, the first decision pointed out that there was no testimony whatever to show that respondent had any front lights on his machine; and if he had none, then, wholly independent of any statutory law, it would have been gross negligence for him to drive his car as he did at the time and place and under weather conditions then existing. He, however, was given the benefit of the presumption that he had complied with the law. The conclusion of the court, in the original opinion, as to what was the duty of the driver under such circumstances was afterwards, on rehearing, withdrawn as stating the law too broadly.

Here, respondent showed that he was driving at not to exceed twenty miles per hour; that his front lights were burning; that he was leaning to the outside and forward to have a better view than through his windshield; that there was no red or other light showing on the tail of appellant's truck; that there was no one about the truck, which was standing on the pavement; and that respondent did not see the dark truck until he was within a very short distance from it, and did what he thought possible to avoid a collision, but failed.

A reversal is therefore not justified under the decisions in the *Ebling* case. It was a case for the jury as to the negligence of appellant and contributory negligence of respondent, whose verdict upon competent evidence and proper submission will not be disturbed. No errors are claimed as to reception of evidence, or instructions to the jury.

Judgment affirmed.