[No. 10625.   Department One.   January 3, 1913.]

ANNA KEOUGH, *Respondent*, v. SEATTLE ELECTRIC COMPANY, *Appellant*.[1]

APPEAL—PRESERVATION OF GROUNDS—OBJECTIONS TO EVIDENCE— REVIEW. Error cannot be predicated upon misconduct of the party and counsel, in a personal injury case, in exciting the sympathy of the jury by showing that the plaintiff was a widow with children, where the evidence was admitted without objection of any kind until after verdict.

TRIAL—MISCONDUCT OF COUNSEL. It is not misconduct of counsel, warranting a new trial in a personal injury case, to ask plaintiff if two children present were her children.

APPEAL—OBJECTIONS TO MISCONDUCT OF COUNSEL. Misconduct of counsel in asking improper questions cannot be urged as error where no timely objection was made below.

APPEAL—REVIEW—HARMLESS ERROR. Error cannot be predicated on the admission of improper evidence going to the question of damages, where it is not claimed that the verdict was excessive.

Appeal from a judgment of the superior court for King county, Tallman, J., entered April 4, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a passenger in alighting from a street car. Affirmed.

*James B. Howe* and *H. S. Elliott*, for appellant.

*Walter S. Fulton*, for respondent.

MOUNT, C. J.—Plaintiff brought this action to recover damages for personal injuries. She alleged that, while she

[1]Reported in 128 Pac. 1068.

was in the act of alighting from one of defendant's street cars, the gripman negligently started the car with a violent lurch and jerk, throwing the plaintiff to the ground and injuring her. The case was tried to the jury and resulted in a verdict and judgment for the plaintiff in the sum of $2,597.

The defendant appeals from that judgment, and assigns that the court erred in denying the defendant's motion for a new trial, on the ground of misconduct of plaintiff of bringing her children into court and exhibiting them to the jury, and on the ground of misconduct of plaintiff's counsel in asking the plaintiff whether the children with her were her children, and also in denying defendant's motion for a new trial and in entering judgment. When the plaintiff was called to the stand as a witness in her own behalf, in answer to her counsel she stated her name and place of residence, when this examination followed:

"Q. You are a widow lady? A. Yes, sir. Q. And have been for how long? A. Two years. Q. These children are your children? A. Yes sir, two of them are and I have another boy."

No objections were made to these questions or answers, no motion was made to strike the same, and no further mention of the incident appears to have been made until the motion for a new trial. The whole contention of the appellant is that these children were brought into court and these questions were asked for the purpose of exciting the sympathy of the jury. If we should concede, for the purpose of this case, that the purpose and intent of this examination was as stated by the appellant, still we cannot reverse the cause upon that ground, for we have repeatedly held that error cannot be based upon evidence which is permitted to be introduced without objection. *Falldin v. Seattle*, 57 Wash. 307, 106 Pac. 914; *Hall v. Northwest Lumber Co.*, 61 Wash. 351, 112 Pac. 369; *Shoemaker v. Bryant Lum. & Shingle Mfg. Co.*, 27 Wash. 637, 68 Pac. 380; *State v. McCann*, 16 Wash. 249, 47 Pac. 443, 49 Pac. 216. In *Shoemaker v. Bryant Lum. &*

*Shingle Mfg. Co., supra,* at page 646, in considering a remark made by the trial judge, which was claimed to be a comment upon the facts, we said:

"Since no opportunity was given the court to correct the error, if it was error, and no objection made to it until after verdict, it was too late then to raise the question."

The same is true in this case. When the question was asked, "These children are your children," no objection was made and no question raised until after the verdict. Counsel insist that the mischief was done, and an objection would have emphasized the evil effect on the minds of the jury, even though the objection had been sustained. We cannot assume that such result must necessarily follow; but on the other hand, we must assume that the jury would be guided by proper evidence and would not consider evidence which they have been told is improper. The misconduct of counsel is based upon the fact that the question was asked "These children are your children." This is clearly not misconduct of counsel within the rule, yet if it may be construed as such, the same rule applies that error cannot be based thereon unless the trial court is asked to correct it and refused to do so and an exception is saved. *State v. Bailey,* 31 Wash. 89, 71 Pac. 715; *Taylor v. Modern Woodmen of America,* 42 Wash. 304, 84 Pac. 867, and cases. Furthermore, if this question and answer were erroneous, it goes only to the question of damages, and since it is not claimed in the brief that the verdict is excessive, there is no prejudice shown. *Burger v. Taxicab Motor Co.,* 66 Wash. 676, 120 Pac. 519.

Appellant says in his brief: "The verdict of $2,597 was very large for the injuries sustained," but further than this no contention is made that the verdict is excessive. We are satisfied that the verdict is not excessive.

The judgment is therefore affirmed.

CHADWICK, CROW, GOSE, and PARKER, JJ., concur.