[No. 15932. Department Two. December 22, 1920.]

ORIENTAL EXPRESS COMPANY, *Appellant,* v. PUGET SOUND TRACTION, LIGHT & POWER COMPANY, *Respondent.*[1]

STREET RAILROADS (23, 33)—COLLISION WITH VEHICLE—INJURY AVOIDABLE—LAST CLEAR CHANCE—INSTRUCTIONS. An instruction to the effect that if the street car operator saw, or by reasonable diligence could have seen the truck in time to avoid striking it, the verdict must be for plaintiff, properly states the doctrine of last clear chance, and excuses the denial of another instruction which was lacking in essential elements.

SAME (16)—COLLISION WITH VEHICLE—LIABILITY—VIOLATION OF ORDINANCE. The driver of a truck struck by a street car cannot complain of the company's failure to comply with an ordinance requiring it to plank between the rails, where he drove onto the tracks with full knowledge that there was no planking there.

EVIDENCE (132)—PHOTOGRAPHS—ADMISSIBILITY—CHANGED CONDITIONS. It is not error to exclude photographs of the scene of an accident where the conditions had materially changed, the city being engaged in replacing planking with concrete paving, and there was no material dispute as to other physical conditions shown.

STREET RAILROADS (34)—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE —WARNING—ONCOMING CAR. Where operators of a truck engaged in extricating an automobile from a ditch, saw an approaching street car in time to have flagged it, or in time to remove the truck from the tracks, they cannot complain of the refusal to instruct the jury that it was the duty of other street car employees present to flag the oncoming car.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered October 1, 1919, upon the verdict of a jury rendered in favor of the defendant, in an action for damages sustained through a collision with a street car. Affirmed.

*Walter A. Keene,* for appellant.

*James B. Howe* and *A. J. Falknor,* for respondent.

[1]Reported in 194 Pac. 781.

MITCHELL, J.—This action was brought by the Oriental Express Company, to recover damages to a Garford truck owned by it, alleged to have been caused by the negligence of the Puget Sound T., L. & P. Company in the operation of its street car. The defense was a denial of negligence, together with allegations of contributory negligence, which were denied by the reply. A trial was had before a jury, resulting in a verdict for the defendant. A motion for a new trial was denied, and from a judgment on the verdict, the plaintiff has appealed.

The accident occurred on Alki avenue, in the city of Seattle, about eight o'clock p. m. on October 16. The avenue runs north and south, and for a distance of about eight hundred feet looking south 'from the point where the accident occurred, and for some distance looking north, the avenue is straight and level. Respondent maintained, on the avenue, a double track, upon which it operated its street cars. The avenue was graded its full width. The portion of the avenue west of the tracks had been planked, but the portion east of the tracks had not been planked. Along the west side there was a wooden sidewalk, elevated about one foot above the planked portion of the street. Immediately west of the sidewalk was a depression, six or seven feet in depth. Respondent had planked between the rails of the west track, and originally laid a plank one foot in width along the east side of the east rail of the west track, though, at the time in question, it appears a length of this one foot planking was missing. There was no planking between the two car tracks and none between the rails of the east track or to the east of the east track. An automobile had been accidently driven over the sidewalk and into the ditch on the west side of the avenue, and appellant's truck,

in charge of a driver and one helper, was sent to pull it out. In attempting to do so, the driver hitched the hind end of the truck to the hind end of the automobile by means of a chain, and drove the truck east at right angles across the avenue. While so engaged, an inbound street car stopped twenty or thirty feet before reaching the truck. The conductor and motorman and some of the passengers got out of the street car and stood around the truck for ten or fifteen minutes. In attempting to drive the truck across the car tracks, the front wheels dropped down over the east rail of the west track, where the length of one foot plank originally laid was missing. The rails were laid on wooden ties six inches in thickness and the rails themselves were about six inches high. In the efforts to pull the automobile out of the ditch, first a cable was broken and then a chain was used. It appears the flywheel housing of the automobile became caught on the sidewalk, and the driver of the truck was unable to pull the automobile forward. While the truck was in this situation, an outbound street car, running north, ran into the truck and caused the damage complained of.

Assignments of error 1, 2 and 3, may be considered together. They are so considered by appellant's counsel, who says they all involve the doctrine of the last clear chance. One of these assignments is involved only in connection with the other two, upon which the criticism or contention is based. Appellant requested an instruction as follows:

"I further charge you that if you shall find from the evidence that it was apparent to the motorman in charge of defendant's said outbound car, or by the exercise of reasonable care, diligence and prudence on his part it should have been apparent to him, that plaintiff's truck was on the track and could not be gotten off in time to avert a collision, then it was the

duty of the motorman to bring the car to a stop, and if you find he failed to do so, then your verdict should be for the plaintiff.''

The court refused to give it as requested, and so changed it as to require the failure of the respondent to constitute the proximate cause of the injury, in order to hold it liable. It is claimed, the ''proposed instruction correctly stated the law on the doctrine of last clear chance, and should have been given to the jury,'' and that ''the modification of it by the court was in effect the withdrawal from the jury of the question of last clear chance, which plaintiff was entitled to have submitted to them under the evidence.'' It is assumed, as counsel contends, there was sufficient evidence that the jury was at liberty to believe, to make the doctrine applicable. The instruction, however, in the form requested, was not a proper exposition of the rule. A careful examination of the instruction, as requested, will show it was wholly lacking in the essential element or qualification of *sufficient time, exercising ordinary care, to avoid striking the truck*, in connection with actual or chargeable notice on the part of the person or persons operating the street car. Upon this subject the court did instruct the jury, as follows:

''The Court further instructs you that if you find from the evidence, that the agents and employes of the defendant company in charge of the street car that collided with the plaintiff's truck saw, or by the exercise of reasonable care, prudence and diligence, they could have seen said truck in time to avoid striking and injuring it, then your verdict should be for the plaintiff.''

The instruction given covered the subject. *Herrick v. Washington Water Power Co.*, 75 Wash. 149, 134

Pac. 934, 48 L. R. A. (N. S.) 640; *Blair v. Calhoun,* 87 Wash. 154, 151 Pac. 259.

Assignments 4, 5 and 6 are considered together, being so discussed by the appellant. They relate to the refusal of two proposed instructions, and the rejection of certain portions of an ordinance of the city, concerning the alleged duty of the respondent to plank the avenue between the rails and the one and one-half feet on each side of the outer rails, together with the alleged fact that at the scene of the accident there was a missing plank on the outside of one of the outer rails which it is claimed had much to do with the trouble. The driver of the truck who was engaged in drawing the automobile out of the ditch testified he had been over the avenue many times; that he knew it was planked from the sidewalk up to the street car track and planked between the rails of one street car track; and that he had known that for a long time and knew it when he went over there. Still further in this connection, claiming there were lights on his truck and on the automobile, he testified as follows:

"Q. Where were those lights on the truck? A. One right by side on the dash board, coal oil lamp, and one Presto-Lite on the right side, on top the dash. Q. Then that would show up the situation, that showed up the track right in front of your truck? A. Yes, sir. Q. And then you had another searchlight on the automobile and you had that turned right down on the wheel too, did you not? A. Yes, sir. Q. So that made it just as plain in front of you as this floor is in front of me? A. Yes, sir. Q. You could see exactly what was in front of you, couldn't you? A. What in front? Q. You could see where your truck was going in front of you? A. Sure. Q. You could see you were driving from a plank onto an ungraded portion of the street, couldn't you? A. Sure. Q. How long have you driven a truck? A. Four years."

Regardless, therefore, of any alleged negligence on the part of the respondent in maintaining the street in the condition it was in, the appellant cannot complain where its driver was well acquainted with the situation, and, at the very time of driving, testified that his lights were so arranged that he could see the condition of the tracks and of the ground between them. There was no error in rejecting the evidence offered, nor in refusing the proposed instructions.

By assignments 7, 8 and 9, it is contended that rejected photographs should have been received in evidence. When the photographs were taken, the city was engaged in replacing the planking with concrete paving, and showed a decidedly different condition where the accident had occurred than that at the time of the accident. As to their showing physical conditions other than the paving, such as level and straight condition of the street, distance south, buildings or other objects nearby, there was no dispute or question, sufficient at least to merit the contention that the rejection of the photographs constituted prejudicial error.

Lastly, it is contended the court erroneously instructed the jury to the effect that the employees in charge of the inbound street car, which had already stopped, were not obligated to flag the outbound street car that later collided with the truck; and that that obligation rested upon the appellant, its agents and employees. There are disputes about many things in this case, but there is none about the fact that the driver of the truck and his helper were in a position to see, and by several were warned, of the approaching outbound street car, in plain sight, on a straight track, some six hundred to eight hundred feet distant; and that, instead of making some effort of their own

to intercept the on-coming street car, they simply persisted in trying to move the truck and automobile, during which time there was ample unhampered opportunity, on their own part, to have flagged or given the street car notice in time to have prevented the collision. They gave no such notice and are not in a position to claim that some one else should have done it for them. The case of *Dahlstrom v. Northern Pac. R. Co.*, 98 Wash. 390, 167 Pac. 1078, relied on by appellant, is not in point. It was a case in which the Northern Pacific Railway Company had caused a dangerous situation, unknown to another company endangered by that situation, and it was correctly held that the officers and agents of the first named company were under obligations to exercise diligence in notifying and protecting the last named company as to that dangerous situation. No such case is presented here.

There were square issues of fact in this case, and a sharp conflict in the evidence as to whether the agents and officers on the street car in the collision saw, or had any reasonable opportunity to see, the truck, in sufficient time to avoid the accident; also as to whether or not there were any lights in use on the truck or automobile; and also as to whether or not there was anything to prevent backing the truck off of the street car track in time to have avoided the collision. These were matters for the jury, which, having been submitted to it without any prejudicial error in the course of the trial, the verdict and judgment thereon will not be disturbed.

Affirmed.

HOLCOMB, C. J., MOUNT, MAIN, and TOLMAN, JJ., concur.