[No. 17587. Department One. January 5, 1923.]

SNOW CREEK LOGGING COMPANY, *Respondent,* v. DISCOVERY BAY LOGGING COMPANY, *Appellant.*[1]

NEGLIGENCE (43)—TRIAL—INSTRUCTIONS—FIRES—SUFFICIENCY OF SPARK ARRESTER. Upon an issue as to negligence in operating a logging engine without a suitable spark arrester, it is proper to instruct that such operation is unlawful, under Rem. Comp. Stat., §§ 2524, 5794, notwithstanding defendant's evidence that it used a spark arrester which was in common use, where there was other testimony that it was unsafe at that particular time and place, under the circumstances.

TRIAL (116)—INSTRUCTIONS—CONSTRUCTION AS A WHOLE. Upon an issue as to defendant's negligence in starting a fire through the use of an unsafe spark arrester, an instruction is not prejudicial in failing to include the idea of proximate cause, where that was fully covered and repeated in other instructions.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered December 24, 1922, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages caused by a forest fire. Affirmed.

[1]Reported in 211 Pac. 751.

*Flick & Paul (Alfred J. Schweppe,* of counsel), for appellant.

*Shorett, McLaren & Shorett* and *Edward R. Taylor,* for respondent.

MITCHELL, J.—The parties to this action were the owners of adjoining timber lands, in Jefferson county. During the closed or dry season of 1920, each was engaged in logging operations on its lands. A forest fire originated near a logging engine operated by the defendant on its lands, on the afternoon of August 4, and shortly thereafter considerable of defendant's logs and timber, located towards the lands of the plaintiff, and considerable of the logs and timber of the plaintiff, were damaged or destroyed by the fire, which continued to burn for several days.

The plaintiff, charging the defendant with being responsible therefor, brought this action to recover the sum of $15,267.81 for the loss of logs, a wire rope, and the cost of labor expended in fighting the fire and moving equipment out of danger of the fire. It was alleged, in effect, that the defendant carelessly and negligently failed to use on its logging engine a safe and suitable device to prevent dangerous sparks of fire from escaping, and that the defendant carelessly and negligently permitted the fire to start, and carelessly and negligently permitted it to continue to spread to and over the lands of the plaintiff. It was alleged that the place at which defendant was logging was particularly liable to fire that would spread to plaintiff's property and operations, because of the dry season, and the large amount of cut and fallen timber in the area extending towards plaintiff's property, of which defendant was well aware; and that, in spite of such dangerous condition, the defendant failed and neglected

to keep or maintain an adequate water supply, or other facilities in good working order, for the prevention or suppression of fire; that it failed and neglected to provide sufficient watchmen for detecting fires in their beginnings; neglected and refused to direct or permit its employees to attend to the matter of checking the fire; and that, by reason thereof, the fire spread to plaintiff's lands, by reason of which the damages complained of were caused, notwithstanding diligent efforts on the part of plaintiff and its employees to prevent damage to its property.

Defendant's answer was a general denial, together with an affirmative defense that the damage to plaintiff's property was caused by an independent fire produced by the negligent operation by the plaintiff of its own logging engine; and further, that the fire started on defendant's premises was of incendiary origin and beyond control when first observed by the defendant, its agents, servants and employees; and that, after the discovery of it, the defendant did all in its power to prevent it from spreading. The affirmative matter in the answer was denied by the plaintiff.

The verdict was for the plaintiff in the sum of $12,000. Defendant's motions for judgment notwithstanding the verdict and for a new trial having been denied, it has appealed from a judgment on the verdict.

The record of the trial is a large one. The written arguments are extensive, duplicating to a considerable extent the evidence in the case. This latter course has been pursued, apparently, by way of insistence on appellant's principal contention that the evidence is insufficient to justify the verdict. While it is true that, step by step, and part by part, the evidence on behalf of the respondent was stoutly contested and disputed by the proof on the part of the appellant, nevertheless there was strong and substantial evidence, both direct

or positive and by fair inferences, worthy of belief by the jury, concerning the allegations of negligence charged upon the appellant, in support of the verdict. It was, in our opinion, clearly a case for the jury to decide.

All other assignments of error consist of complaints against instructions that were given to the jury. The respondent had submitted testimony tending to show that, considering the season and the brush and forest surroundings of the logging engine of the appellant at the time the fire originated, the spark arrester as used was defective and insufficient, according to the commonly accepted standard of safety for the particular kind of work the engine was doing at that time. The details of that evidence need not be here enumerated. Manifestly, having in mind §§ 2524 and 5794, Rem. Comp. Stat., the jury was given instruction number 15 which is as follows:

"You are further instructed that, under the laws of this state, it is unlawful for any person to operate any spark-emitting engine during the closed season of the year within a distance of one-quarter of a mile of any forest material, unless such engine or locomotive is provided with and uses a suitable safety device for arresting sparks, and you are instructed that any violation of this law would, of itself, constitute negligence."

The first argument on behalf of the appellant against the instruction is that there was no conflict in the testimony as to the character or kind of spark arrester used by the appellant, that it was a kind in common use, and that, therefore, the instruction was inopportune. There were witnesses who testified that, generally speaking, the spark arrester used was unsafe at that season of the year compared with the then latest improved kind of spark arresters. But, waive this last testimony, if need be. The respondent's testimony

was not so much to show that the spark arrester was unsafe, *per se,* but that it was so.because, at that time or season of the year, contrary to the usual and accepted practices, the smokestack of the logging engine carried an exhaust inside, instead of outside, the smokestack, which made that kind of a spark arrester unsafe for the heavy pulling which the engine was required to do at that particular location. At some other time and some other place where the danger of fire was remote, possibly the spark arrester was safe. It is a safe device for arresting sparks that is required by that law the enforcement or observance of which requires the exercise of due care under the particular circumstances at any given time. The testimony on behalf of the respondent tended to show that the spark arrester used by the appellant was not safe at that time and place under the task and strain imposed upon the engine with the exhaust inside the smokestack.

Another argument against instruction number fifteen is that it erroneously failed to comprehend or include the idea of the proximate cause of the injury complained of. A similar situation was considered in the case of *Blair v. Calhoun,* 87 Wash. 154, 151 Pac. 259. That was a personal injury case, because of the alleged negligence of the defendant. The court instructed the jury as to the speed limit of street cars under the ordinances of the city of Seattle, and that the operation of a street car in excess of that speed limit was of itself negligence. It was urged that the instruction should have been extended so as to charge that the defendant would not be liable unless a violation of the speed limit, if there was such violation, was the proximate cause of the injury. With reference thereto, we said, however:

"Other instructions given by the court told the jury that respondent could not recover unless negligence

of appellants was the proximate cause of the collision. The identical form of this instruction was approved by this court in the case of *Engelker v. Seattle Elec. Co.*, 50 Wash. 196, 96 Pac. 1039.''

This is according to the general rule that instructions must be taken as an entirety; that is, each must be considered in connection with all others referring to the same subject-matter; and if, when taken together, they properly express the law applicable to the case, no just ground of complaint exists even though a single instruction, in itself, appears incomplete. 14 R. C. L. 817, § 76.

In this case, the court had already fully and correctly instructed the jury on the doctrine of proximate cause, and after the giving of instruction number fifteen the court repeated it in a number of instructions given, as being essential to the right of recovery.

A number of other instructions were excepted to that are still complained of by the appellant. The complaints against them center in the idea that each of them is not punctuated with the doctrine of proximate cause; or, possibly, that they do not make it sufficiently clear that, to find the appellant liable, the damages suffered must be traceable to negligence on the part of the appellant as the direct or proximate cause thereof. But upon consideration of all the instructions, which were comprehensive and covered the charges and counter charges contained in the pleadings of the respective parties and their proofs, we are satisfied that they were altogether clear, consistent and sufficient.

Judgment affirmed.

PARKER, C. J., HOLCOMB, MACKINTOSH, and BRIDGES, JJ., concur.