[No. 34342.   Department Two.   July 2, 1959.]

Lillian M. Olson, *Appellant*, v. The City of Seattle, *Respondent*.[1]

*Clay Nixon*, for appellant.

*A. C. Van Soelen* and *John A. Logan*, for respondent.

Per Curiam.—Appellant, plaintiff in a personal injury action, appeals from a judgment favorable to the respondent city. The sole assignment of error is that the court commented upon the evidence in violation of Art. IV, § 16, of the Washington constitution, which is as follows:

"Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law."

The trial counsel did not even mention the matter at any time. After judgment on the verdict and after the time for a new trial had expired, new counsel entered the case, and then, for the first time, judicial misconduct was assigned as error upon the appeal.

It is due present counsel for the appellant to say that he did not participate in the trial, but only entered the case after all aspects of the trial were completed and the time for filing a motion for a new trial had expired.

The matter is controlled by *Lee & Eastes, Inc. v. Continental Carriers, Ltd.*, 44 Wn. (2d) 28, 265 P. (2d) 257, in which the late Judge Ralph Olson for the court said:

[1] Reported in 341 P. (2d) 153.

"We cannot consider it because, as defendants correctly contend, even if the remarks be designated a comment on the evidence, the record does not show that plaintiff's objection was ever brought to the attention of the trial court, either when the ruling was made or on plaintiff's motion for a new trial. See *State v. Davis,* 41 Wn. (2d) 535, 537, 250 P. (2d) 548 (1952)."

The judgment is affirmed.

October 5, 1959. Petition for rehearing denied.