[No. 34913.  *En Banc.*  August 18, 1960.]

THE CITY OF SEATTLE, *Respondent,* v. GEORGE HARCLAON, *Appellant.*[1]

*D. Van Fredenberg,* for appellant.

*A. C. Van Soelen* and *John P. Harris,* for respondent.

PER CURIAM.—This is an appeal from a judgment based upon an award of the jury in a condemnation action. Appellant's attorney at the trial did not represent him on appeal.

[1]Reported in 354 P. (2d) 928.

■ Appellant assigns error to the court's instructions Nos. 5, 8, 10, and additional instruction No. 2. No exceptions were taken to any of the court's instructions, and they became the law of the case. *Holmes v. Toothaker,* 52 Wn. (2d) 574, 328 P. (2d) 146 (1958).

Appellant next assigns error to alleged misconduct of the trial judge in participating in the questioning of the expert witnesses by asking leading questions, and questions which appellant contends were comments on the evidence. Appellant concedes that none of the claimed errors, standing alone, would merit reversal, but contends that, considering them in the aggregate, the appellant was denied a fair trial.

■ No objections were made to the court's participation in the examination of the witnesses. It is the duty of counsel to call to the court's attention, either during the trial or in a motion for new trial, any error upon which appellate review may be predicated, in order to afford the court an opportunity to correct it. *Olson v. Seattle,* 54 Wn. (2d) 387, 341 P. (2d) 153 (1959); *Lee & Eastes, Inc. v. Continental Carriers, Ltd.,* 44 Wn. (2d) 28, 265 P. (2d) 257 (1953); *State v. Davis,* 41 Wn. (2d) 535, 250 P. (2d) 548 (1952); *Shoemaker v. Bryant Lbr. & Shingle Mill Co.,* 27 Wash. 637, 68 Pac. 380 (1902). The record before us does not show that the appellant called the alleged comments upon the evidence to the attention of the trial court, and no error has been assigned to the order denying the motion for new trial.

■ Counsel cannot, in the trial of a case, remain silent as to claimed errors and later, if the verdict is adverse, urge his trial objections for the first time on appeal. *Bingaman v. Seattle,* 139 Wash. 68, 74, 245 Pac. 411 (1926); *Keough v. Seattle Electric Co.,* 71 Wash. 466, 128 Pac. 1068 (1913), and cases cited; *Bodine v. Boyd,* 383 Pa. 525, 119 A. (2d) 274 (1956); *Weinrob v. Heintz,* 346 Ill. App. 30, 104 N. E. (2d) 534 (1952).

■ Appellant's next assignment of error relates to misconduct of counsel for the city of Seattle. Should it be

conceded that the remarks were prejudicial, they were such as could have been removed from the jury's consideration by an instruction to disregard them. No timely objection was made to the remarks, and the error, if any, was not preserved.

Finally, we find no merit in appellant's assignment of error No. 5 ("The action of the court in striking the testimony of Maurice Hoard") for the reason that the contention made relative thereto is not supported by the record.

The judgment is affirmed.

FINLEY, J. (concurring in the result)—One of appellant's assignments of error poses a question of whether the trial judge's questioning of certain expert witnesses constituted a comment on the evidence. Appellant made no objection to the form of the interrogation by the trial judge at the time the questions were being asked. Subsequently, after a verdict adverse to him had been returned by the jury, appellant moved for a new trial, setting forth in his motion several grounds, including:

"Irregularities in the proceedings of the court, jury and adverse party, . . . by which this respondent was prevented from having a fair trial."

The *per curiam* opinion states that the trial judge's alleged comment on the evidence is not properly before this court for review, for the simple reason that the matter was never called to the attention of the trial judge. I agree that a party, in order to make a record and to preserve error for appeal as to an alleged comment upon the evidence, must clearly and specifically call the matter to the attention of the trial court. However, it is well established that the party aggrieved need not call the matter to the attention of the court at the time the objectionable incident arises. This is for the reason that questioning the action of the trial judge in the presence of the jury might very well tend to prejudice the aggrieved party in the eyes of the jury and thus defeat the very object for which an objection is ordinarily made. *State v. Jackson* (1915), 83 Wash. 514, 145 Pac. 470.

Therefore, in *State v. Davis* (1952), 41 Wn. (2d) 535, 250 P. (2d) 548, we set forth a procedure designed both to protect an aggrieved party from prejudice in the eyes of the jury and to give notice to the trial court that an objection to an asserted comment was being made. The proper method of raising a question as to alleged comment on the evidence by the trial judge, we held, was by way of a motion for a new trial on the ground of "irregularities in the proceedings of the court." In the instant case, as noted above, appellant made just such a motion.

Because, under the decision above cited, appellant's failure to object to the alleged comments on the evidence at the time they were made is excusable; and, further, because an appropriate motion for a new trial was subsequently made, I would be inclined to dissent from the *per curiam* opinion except for one additional fact. Although an appropriate formal, written motion for a new trial was filed, it does not appear that appellant—either in the motion itself or in oral argument in support of the motion —specifically pointed out just what in the proceedings he deemed to be an irregularity. It may well be that, where the asserted error or errors forming the basis of a motion for a new trial have been pointed out to the court by proper objection during the course of the trial, specific reiteration is unnecessary at the time the motion itself is made. But where, as in the case of an asserted comment on the evidence, the claim of error is made for the first time by the motion for a new trial, a somewhat different situation is presented. In such a case it would appear that, in order to apprise the trial court of the true basis for the motion, some specific reference, either in the motion itself or in oral argument, must be made to the alleged comment. In this respect the record before us is silent.

I, therefore, concur in the result reached in the *per curiam* opinion. For the reasons above stated, I cannot agree with any inference possibly suggested in the opinion to the effect that appellant's fatal mistake in this case was his failure to object to the alleged comments on the evidence at the time the incident in question arose.